IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

GMAC MORTGAGE, LLC,

      Appellant,

v.

EDWARD WHIDDON, HOLLY
WHIDDON, ET AL.,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-6217
CORRECTED PAGES: pg 1 (atty
removed)
CORRECTION IS UNDERLINED IN RED
MAILED: May 08, 2015
BY: NMS

Opinion filed May 7, 2015.

An appeal from the Circuit Court for Taylor County.
Andrew J. Decker, III, Judge.

James H. Wyman of Hinshaw & Culbertson, Coral Gables, for Appellant.


OSTERHAUS, J.

      GMAC Mortgage, LLC appeals from orders dismissing its foreclosure action

with prejudice, cancelling the mortgage and note, and preventing it from filing

another foreclosure action against Appellees Edward and Holly Whiddon. We affirm

the dismissal order in part, but otherwise reverse the orders because the trial court

did not make the requisite factual findings supporting its orders under <u>Kozel v. Ostendorf</u>, 629 So. 2d 817 (Fla. 1993), and because a mortgagee is permitted to file a new foreclosure action against a mortgagor who has successfully defended against a prior foreclosure action, if that mortgagor subsequently defaults.

## I.

This case involves a second foreclosure action filed by GMAC involving the Whiddons' mortgage and note. In 2008, the Whiddons executed a promissory note in the amount of $142,759 to GMAC and a thirty-year mortgage securing the note. After they allegedly stopped making payments, GMAC filed a complaint to foreclose in December 2010, claiming a default under the note and mortgage because "the payment due June 1, 2010, and all subsequent payments have not been made." But GMAC failed to prosecute the action—neither responding to a show cause order nor appearing at a hearing—and the trial court dismissed its complaint in July 2012. GMAC did not appeal.

Eight months later, in March 2013, GMAC filed a second foreclosure action against the Whiddons. This second complaint also alleged that the Whiddons defaulted "by failing to pay the payment due on June 1, 2010, and all subsequent payments," causing the Whiddons to seek its dismissal on *res judicata* grounds. The trial court, in turn, directed GMAC to show cause why the action shouldn't be dismissed based on the 2010 action. In response to the show cause order, GMAC

2

filed a notice of voluntary dismissal (and evidently included a non-record cover letter explaining that it was voluntarily dismissing the case in response to the show cause order). GMAC explained in a later filing that it agreed with the trial court's show cause order that dismissal was appropriate "based on the fact that the relied upon default date . . . was the exact default date as [the 2010 case] which had been previously dismissed with prejudice."

The trial court considered GMAC's response to its show cause order wholly unsatisfactory because it dismissed instead of directly responding to the order to show cause. And it sanctioned GMAC for "willfully fail[ing] or refus[ing] to file the written response required." It ordered GMAC's notice of voluntary dismissal stricken; granted the Whiddons' motion dismissing GMAC's complaint with prejudice; ordered that the Whiddons' mortgage be "canceled, released, discharged, satisfied, terminated, exonerated, and held for naught"; required GMAC to mark the original note "Canceled" and deliver it to the Whiddons' counsel; and enjoined GMAC from filing any civil action based on the Note without leave of the court.

The trial court followed up its dismissal order with another order denying leave for GMAC to re-file a foreclosure action with different dates. GMAC's motion for leave to re-file had conceded that counsel mistakenly alleged the same default dates as alleged in the dismissed 2010 action and stated that counsel had no intention of willfully disregarding the court's show cause order by voluntarily dismissing.

According to GMAC's motion, its counsel had "mistakenly believed that the Notice of Voluntary Dismiss[al] and Cover Letter would sufficiently explain to this Court, that Plaintiff did not have good cause for . . . [not] dismiss[ing] with prejudice." But the trial court denied GMAC's leave to re-file for reasons, including that: (1) GMAC didn't provide a proposed complaint for the court to determine whether the allegations would be different; (2) GMAC disregarded show cause orders in two different foreclosure actions involving the Whiddons; (3) GMAC re-filed an identical action to one that had already been dismissed with prejudice; and (4) the Whiddons had "been subjected to four years of litigation and the concomitant expense and attorneys' fees of defending against multiple [improvidently filed] foreclosure actions" by a party who demonstrated an inability to respect the rules of procedure or orders of the court. GMAC appealed.

## II.

A trial court's ruling on a motion to dismiss is a legal question subject to de novo review. Henry v. State, 134 So. 3d 938, 945 (Fla. 2014), cert. denied, 134 S. Ct. 1536 (2014). "Dismissal of a complaint for non-compliance with a court order is subject to an abuse of discretion standard of review." Wells Fargo Bank, N.A. v. Chatham, 114 So. 3d 1062, 1064 (Fla. 1st DCA 2013) (quoting Bank One, N.A. v. Harrod, 873 So. 2d 519, 520 (Fla. 4th DCA 2004)).

GMAC conceded below that it could not bring a subsequent foreclosure action

4

based upon the same dates as the dismissed 2010 case. But it argues that the breadth of the trial court's dismissal order—punitively cancelling the mortgage and note and effectively barring it forever from re-filing a foreclosure action based upon any default dates—conflicts with the Florida Supreme Court's decision in <u>Kozel v. Ostendorf</u>, 629 So. 2d 817 (Fla. 1993), and amounts to an abuse of discretion.[1] Concerned with punishing litigants unfairly, <u>Kozel</u> established six factors on which courts must make findings before dismissing a litigant's case as a sanction:

> 1) Whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of negligence or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.

<u>Id.</u> at 818. Dismissing a case without making express findings of fact on the <u>Kozel</u> factors amounts to an abuse of discretion. <u>See</u> <u>Ham v. Dunmire</u>, 891 So. 2d 492, 496 (Fla. 2004) ("Express findings are required to ensure that the trial judge has consciously determined that the failure was more than a mistake, neglect, or inadvertence, and to assist the reviewing court to the extent the record is susceptible to more than one interpretation."); <u>BAC Home Loans Servicing, L.P. v. Ellison</u>, 141 So. 3d 1290, 1291 (Fla. 1st DCA 2014) (quoting <u>Ham</u>) ("[F]ailure to consider the

---

[1] Appellees did not file an answer brief.

5

<u>Kozel</u> factors in determining whether dismissal was appropriate is, by itself, a basis for remand for application of the correct standard."); <u>Smith v. City of Panama City</u>, 951 So. 2d 959, 962 (Fla. 1st DCA 2007) (requiring the trial court to enter an order containing findings of fact and conclusions of law for each <u>Kozel</u> factor if dismissal is the appropriate sanction on remand); <u>see also</u> <u>Crews v. Shadburne</u>, 637 So. 2d 979, 981 (Fla. 1st DCA 1994) ("[T]o dismiss the case based solely on the attorney's neglect unduly punishes the litigant and espouses a policy that this Court does not wish to promote." (quoting <u>Kozel</u>, 629 So. 2d at 818)).

In this case, the trial court's order made no findings on the <u>Kozel</u> factors in dismissing GMAC's case with prejudice, canceling the Whiddons' six-figure debt, and barring GMAC from re-filing a foreclosure action. Nor did the court address the responsibility of GMAC's counsel versus GMAC itself. And whereas the trial court explained its orders by reference to GMAC's disrespect for court procedures and show cause orders, GMAC's *counsel* claimed responsibility for GMAC's filings in the motion for leave to re-file its mortgage foreclosure action, including that it had "mistakenly believed that the Notice of Voluntary Dismiss[al] and Cover Letter would sufficiently explain to this Court, that Plaintiff did not have good cause for . . . [not] dismiss[ing] with prejudice." Under these circumstances, we cannot affirm the trial court's broad order dismissing GMAC's case with prejudice, cancelling the substantial debt, and denying GMAC's ability to re-file a foreclosure action. <u>See</u>

6

also <u>Canakaris v. Canakaris</u>, 382 So. 2d 1197, 1203 (Fla. 1980) (quoting <u>Delno v. Market Street Railway Company</u>, 124 F.2d 965, 967 (9th Cir. 1942) ("Discretion . . . is abused when the judicial action is arbitrary, fanciful, or unreasonable").

Finally, the Whiddons' thirty-year mortgage obligated them to make payments for many more years, until 2038. And even though the trial court dismissed a 2010 foreclosure action brought by GMAC against the Whiddons, that order did not absolve the Whiddons of their responsibility to make mortgage payments for the remaining twenty-five years of their mortgage agreement. Rather, dismissal of the 2010 case "simply placed [the parties] back in the same contractual relationship with the same continuing obligations." <u>Singleton v. Greymar Associates</u>, 882 So. 2d 1004, 1007 (Fla. 2004). So if the Whiddons continued missing mortgage payments after the 2010 case was resolved in their favor, then their subsequent defaults could be expected to spur a new foreclosure action:  "While it is true that a foreclosure action and an acceleration of the balance due based upon the same default may bar a subsequent action on that default, an acceleration and foreclosure predicated upon *subsequent and different defaults* present a separate and distinct issue." <u>Id.</u> (emphasis added). <u>See also</u> <u>2010-3 SFR Venture, LLC v. Garcia</u>, 149 So. 3d 123, 125 (Fla. 4th DCA 2014) ("[T]he bank correctly argues that—regardless of the adjudication on the merits in the first action—res judicata does not preclude a subsequent action based on a subsequent default."). For this reason also, irrespective of the dismissal

of GMAC's 2010 foreclosure action, the trial court should not have barred GMAC from filing a new and different foreclosure action based upon the Whiddons' subsequent defaults post-dating the 2010 case.

III.

For the foregoing reasons, we affirm the trial court's order to dismiss the foreclosure action to the extent that the default dates pleaded by GMAC included dates preceding the dismissal of the 2010 case. But we otherwise reverse the trial court's orders dismissing GMAC's complaint with prejudice, cancelling the mortgage and note, and denying leave to re-file a foreclosure action, and remand for the entry of an order allowing GMAC to re-file its foreclosure action based upon defaults occurring subsequent to the 2010 case, and for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

THOMAS and ROWE, JJ., CONCUR.