NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

AUDREY A. BRYAN, )
)
      Appellant, )
)
v. )    Case No. 2D15-4830
)
GARY M. FERNALD, as Administrator Ad )
Litem, and EDWARD JOHN, )
)
      Appellees. )
)

Opinion filed February 22, 2017.

Appeal from the Circuit Court for Pinellas
County; Mark I. Shames, Judge.

Ann M. Allison of Allison Law Group, Temple
Terrace; and Mary Ann Noud, Bradenton,
for Appellant.

Wil H. Florin and Eric P. Czelusta, Palm
Harbor, for Appellees.

MORRIS, Judge.

      Audrey A. Bryan appeals an order on her petition to determine

beneficiaries in the probate proceedings of her deceased mother's estate.[1]  In

determining the beneficiaries, the trial court concluded that the issue of the validity of

---

[1]We have jurisdiction pursuant to Florida Rule of Appellate Procedure
9.170(b)(5).

the decedent's marriage was res judicata. We disagree and reverse and remand for further proceedings.

### I. Background

In 2007, Edward John opened the probate proceedings of the decedent's estate. John named himself as the decedent's surviving spouse and only known beneficiary. The decedent's children were not served with any pleadings or orders in the probate case. In March 2009, the probate court entered an order of discharge, finding that the estate had been properly distributed and discharging John as personal representative. In June 2009, John petitioned to reopen the estate in order to pursue a medical malpractice claim against the doctor who treated the decedent before she died, Dr. Scott Plantz. The petition was served on the decedent's four children, including Bryan. The estate was reopened, and the estate filed a medical malpractice lawsuit against Dr. Plantz. In 2012, Gary M. Fernald was appointed as administrator ad litem for the estate.

In 2015, Bryan filed a petition to determine intestate beneficiaries pursuant to section 733.105, Florida Statutes (2014), in the probate proceeding. In her petition, Bryan alleged that she and the decedent's three other children were not notified of the administration of their mother's estate. Bryan alleged that she and her siblings are entitled by law to an equal share of at least fifty percent of their mother's estate and that if John cannot produce a valid marriage certificate proving that he was legally married to the decedent, Bryan and her siblings are entitled to an equal share of one hundred percent of the decedent's estate. John and Fernald filed a response to Bryan's petition, alleging that Dr. Plantz was behind Bryan's petition. The response set forth numerous

allegations of misconduct by Dr. Plantz in the pending medical malpractice case and the probate case. In response to Bryan's allegations, John and Fernald argued that John was lawfully married to the decedent at the time of her death and that this issue was already determined in a 2013 order in the medical malpractice case. In the 2013 order, the trial court denied Plantz's amended motion for partial summary judgment on damages and found that "the person [John] married was the [d]ecedent."[2]

A hearing was held on Bryan's petition on August 26, 2015. John and Fernald were represented by counsel, and Dr. Plantz also appeared with counsel. The parties all agreed that Bryan and her siblings are beneficiaries of the estate, but they disputed the validity of the marriage between the decedent and John. Bryan's counsel argued that the issue was not controlled by the order in the medical malpractice case because that order was not a final order. The estate argued that the order constitutes a factual finding that John and the decedent were married at the time of the decedent's passing. The trial judge stated that he did not "know how [he could] go beyond that," and he wondered why he would "go back and reinvent the wheel that [the other judge] apparently spent considerable time and judicial energy on." Bryan responded that she and her siblings had not had the opportunity to argue the issue to any court, and the trial judge seemed to agree that "it's a due process issue." The estate's counsel argued that in depositions, Bryan and her sister did "not dispute that this was a valid and legal marriage." Bryan's deposition was read to the court, wherein she admitted that she

---

[2]Noting that the case presented "a difficult and troubling fact pattern," the trial court in the medical malpractice case found that "the person [John] married was the [d]ecedent. He is not claiming he was defrauded. Under the authorities reviewed[,] the [c]ourt cannot declare the marriage invalid or void because the [d]ecedent used a different name."

witnessed her mother marry John in what appeared to be a valid wedding ceremony. Bryan's counsel then argued that Bryan did witness a wedding ceremony but that Bryan had no idea that her mother had obtained the marriage certificate under a false name and identity. The trial judge stated that he was not going to reverse the judge in the medical malpractice case and found that that order "is res judicata on the issue." He stated the following:

> [T]his isn't a factual issue as I contemplated when I reviewed the file and prepared for the hearing today. I think that I make a determination based upon the uncontested part of it with regard to the four adult children of the decedent and I make a ruling based on the findings of [the medical malpractice] order directly on point that I think is res judicata on the issue of the marriage and find that Mr. John was the spouse of the decedent.

In the written order, the trial court determined that Bryan and her three siblings are beneficiaries and that John is also a beneficiary as the decedent's spouse. The trial court found that based on the earlier order in the separate medical malpractice case, res judicata applies and controls the issue of the validity of the marriage between John and the decedent. The trial court found that deposition evidence further established the validity of the marriage.

## II. Analysis

On appeal, Bryan first argues that the doctrine of res judicata does not apply because the requirements for res judicata were not satisfied. Under the doctrine of res judicata,

> [a] judgment on the merits rendered in a *former* suit between the same parties or their privies, upon the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter

> which might with propriety have been litigated and determined in that action.

Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 105 (Fla. 2001) (quoting Kimbrell v. Paige, 448 So. 2d 1009, 1012 (Fla. 1984)).  Thus, res judicata applies when the following four identities are present:  "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of the quality of the persons for or against whom the claim is made." Topps v. State, 865 So. 2d 1253, 1255 (Fla. 2004).  This court reviews de novo the trial court's application of res judicata.  See Campbell v. State, 906 So. 2d 293, 295 (Fla. 2d DCA 2004).

Here, the first two elements were not satisfied because the things sued for and the causes of action are different.  In the medical malpractice case, the decedent's estate is suing Dr. Plantz for damages and the cause of action is based on medical negligence.  In the probate case, Bryan is asking for a determination of the decedent's beneficiaries and the proper administration of the estate.  The facts or evidence necessary to maintain the two causes of action are different.  See Albrecht v. State, 444 So. 2d 8, 12 (Fla. 1984) ("The determining factor in deciding whether the cause of action is the same is whether the facts or evidence necessary to maintain the suit are the same in both actions."), superseded by statute on other grounds as stated in Bowen v. Fla. Dep't of Envtl. Regulation, 448 So. 2d 566 (Fla. 2d DCA 1984).  Furthermore, the identities and qualities of the parties are not present in the two cases.  Bryan was not part of the proceedings between the estate and Dr. Plantz when the court entered the order in the medical malpractice case, and Bryan was not in privity with the estate when it was asserting the validity of the marriage in the medical malpractice case.  See Wildflower, LLC v. St. Johns River Water Mgmt. Dist., 179 So. 3d 369, 374 (Fla. 5th

DCA 2015) ("Res judicata binds the parties in the former action and their privies. A 'privy is one who is identified with the litigant in interest.' " (citations omitted)).

Moreover, res judicata does not apply in this case because "[a] final order is necessary for application of res judicata." Thomson v. Petherbridge, 472 So. 2d 773, 774 (Fla. 1st DCA 1985); Accent Realty of Jacksonville, Inc. v. Crudele, 496 So. 2d 158, 160 (Fla. 3d DCA 1986) ("The entry of a final judgment or order is the common element that invokes the doctrines of both res judicata and collateral estoppel."). The order entered in the medical malpractice case is not a final order because it merely denied Dr. Plantz's motion for partial summary judgment.[3] See Better Gov't Ass'n of Sarasota Cty., Inc. v. State, 802 So. 2d 414, 415 (Fla. 2d DCA 2001) (recognizing that an order denying summary judgment is not a final order). The medical malpractice case is still ongoing.

In conclusion, the trial court erred in ruling that "[t]he application of res judicata prevents [the court] from disturbing" the order in the medical malpractice case. It must be noted that in its order, the trial court further ruled that it would not "rule contrary" to the prior order because "the presented deposition testimony of [Bryan,] who recognized in her testimony the validity of the marriage between [John] and [the decedent,] is contrary to the position advocated by her attorney." Even though Bryan testified in her deposition that she witnessed her mother marry John, Bryan's attorney argued that at the time of the deposition, Bryan herself "didn't know whether it was a

---

[3]In denying Dr. Plantz's motion for summary judgment in the medical malpractice case, the trial court determined that Plantz was not entitled to a summary judgment in his favor on the issue of the validity of the marriage. Even though the trial court went on to find that the marriage was valid, it did not grant summary judgment in favor of the estate on that issue.

legal binding marriage."  The trial court did not engage in an independent analysis of whether the marriage was valid under the applicable law.  Rather, the trial court based its ruling on the prior order in the medical malpractice case.  For the reasons stated, we reverse the order on appeal and remand for further proceedings.

Reversed and remanded.

NORTHCUTT and LUCAS, JJ., Concur.