IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SANDRA A. FORERO and
WILLIAM L. FORERO,

     Appellants,

v.

GREEN TREE SERVICING,
LLC,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-2151

Opinion filed July 14, 2017.

An appeal from the Circuit Court for Leon County.
John C. Cooper, Judge.

Daniel W. Hartman of Hartman Law Firm, P.A.; Eric S. Haug of Eric S. Haug Law
& Consulting, P.A., Tallahassee, for Appellants.

Michael Ruff of the Law Office of Timothy D. Padgett, P.A., Tallahassee, for
Appellee.

BILBREY, J.

     Sandra and William Forero appeal the final judgment of foreclosure entered

in favor of Ditech Financial LLC, as successor by merger to Green Tree Servicing,

LLC, which determined $158,459.30 as the amount due and payable to Ditech and

ordered the foreclosure of the lien on the real property. Because the foreclosure action was not rendered res judicata by the two previously dismissed foreclosure suits on the same note, and because the statute of limitations in section 95.11(2)(c), Florida Statutes, did not bar the action due to the inclusion within the allegations of at least some defaulted installment payments within five years of the date the complaint was filed, the judgment is affirmed.

We review de novo the trial court's application of the law to the pleadings, other filings in the record, and the uncontroverted evidence admitted at trial. See Bartram v. U. S. Bank Nat'l Ass'n, 211 So. 3d 1009, 1015 (Fla. 2016).

On December 3, 2002, William Forero executed a promissory note in favor of the lender, Bank of America (BOA), for a loan of $171,992.00. The note was secured by a mortgage on residential real property, also executed on December 3, 2002, by Mr. Forero and his wife, Sandra Forero. Based on the Foreros' failure to pay on "December 1, 2008 and all subsequent payments," BOA filed suit for foreclosure on February 18, 2010. Bank of America v. Forero, Case No. 2010 CA 000582 (Fla. 2d Cir., Leon Cnty.). BOA voluntarily dismissed this action on December 13, 2011. See Fla. R. Civ. P. 1.420(a)(1).

BOA filed a second foreclosure action on February 14, 2013, against the Foreros and based on the same allegation of default for failure to pay on "December 1, 2008 and all subsequent payments." Bank of America v. Forero,

2

Case No. 2013 CA 000467 (Fla. 2d Cir., Leon Cnty.). BOA voluntarily dismissed this second action on April 4, 2013. Pursuant to rule 1.420(a)(1), Florida Rules of Civil Procedure, this second voluntary dismissal "operates as an adjudication on the merits . . . based on or including the same claim."

The mortgage was assigned by BOA to Green Tree Servicing, LLC, on September 19, 2013, "together with the note(s) and obligations therein described," and the Assignment was filed in the public records in Leon County, Florida. By letters dated July 29, 2013, and addressed to both of the Foreros individually, Green Tree notified the Foreros of the default, their options to cure the default, and the acceleration of "all amounts due under the loan agreement" if the default was not cured within 30 days.[1]

On April 7, 2014, Green Tree filed the third foreclosure action against the Foreros on the same note and mortgage and based on the same allegation of default upon the December 1, 2008, payment "and all subsequent payments." Green Tree Servicing, LLC v. Forero, Case No. 2014 CA 000921 (Fla. 2d Cir., Leon Cnty.). The copy of the note attached to the complaint in the 2014 case included an undated blank indorsement, making the note payable to bearer and negotiable by transfer of possession alone. See § 673.2051(2), Fla. Stat.; see also §§ 671.201(21), 673.3011, Fla. Stat.

---

[1] The notice of default predating the assignment is not material here.

The Foreros raised several affirmative defenses in their responsive pleading, including res judicata due to the previous adjudication on the merits by operation of rule 1.420, Florida Rules of Civil Procedure. The Foreros also asserted that the 5-year statute of limitations had expired by the time the third foreclosure complaint against them was filed. See § 95.11(2)(c), Fla. Stat. (action to foreclose mortgage must be commenced within 5 years).

During the pendency of the litigation, Green Tree merged with Ditech Financial, LLC. The plaintiff's witness, Mr. Kevorkian, had been an employee of Green Tree, and at the time of trial was employed as a foreclosure and mediation specialist by Ditech. Mr. Kevorkian testified that Ditech was the servicer of the loan in the case. Numerous documents were admitted into evidence at trial, and Mr. Forero testified on his own behalf. Mr. Forero admitted at trial that the monthly payment due December 1, 2008, was not made and no additional payments were made after November 2008.

At the conclusion of the evidence and argument of counsel, the trial court granted foreclosure and determined that the principal balance due was $158,459.30. The court denied any award for interest, late fees, and other sums due to Ditech's failure to prove amounts for these items.

On appeal, the Foreros challenge the final judgment of foreclosure on grounds that the action was barred by operation of rule 1.420(a)(1), Florida Rules

4

of Civil Procedure, and by the statute of limitations provided by section 95.11(2)(c), Florida Statutes.[2]

Under rule 1.420, a second voluntary dismissal of a suit by the plaintiff "operates as an adjudication on the merits." This provision is often referred to as the "two dismissal rule." See, e.g., Edmondson v. Green, 755 So. 2d 701, 704 (Fla. 4th DCA 1999). However, rule 1.420 itself does not actually preclude subsequent actions. As explained in Olympia Mortgage Corp. v. Pugh, 774 So. 2d 863, 867 (Fla. 4th DCA 2000):

> The two dismissal rule does not bar a subsequent suit. The two dismissal rule merely states that when the rule applies the dismissal of the second suit operates as an adjudication on the merits. Once there is an adjudication on the merits, it is the doctrine of res judicata which bars subsequent suits on the same cause of action.

In Olympia, the court found a lack of identity between the first and second causes of action because, in addition to the default alleged in the first action, the subsequent missed payments and possible new default resulting from these missed payments at issue in the second action did not yet exist and thus could not have been at issue in the first suit. Id. at 867. Because new facts were at issue regarding the new missed payments, the Fourth District Court of Appeal found an absence of

---

[2] The Foreros also challenge Green Tree/Ditech's proof of standing to enforce the promissory note and compliance with the notice of default requirements in the note and mortgage. The record shows no error by the trial court on these issues and we affirm on these grounds without further comment.

identity of the first and second causes of action, and thus the two-dismissal rule did not render the third suit res judicata so as to bar the third action.[3] Id.

The Florida Supreme Court addressed the viability of subsequent foreclosure actions on the same note and mortgage, but with different occurrences of default, in Singleton v. Greymar Associates, 882 So. 2d 1004 (Fla. 2004). There, the Court held:

> We agree with the position of the Fourth District that when a second and separate action for foreclosure is sought for a default that involves a separate period of default from the one alleged in the first action, the case is not necessarily barred by res judicata.
> * * *
> While it is true that a foreclosure action and an acceleration of the balance due based upon the same default may bar a subsequent action on that default, an acceleration and foreclosure predicated upon subsequent and different defaults present a separate and distinct issue.
> * * *
> We conclude that the doctrine of res judicata does not necessarily bar successive foreclosure suits, regardless of whether or not the mortgagee sought to accelerate payments on the note in the first suit. In this case the subsequent and separate alleged default created a new and independent right in the mortgagee to accelerate payment on the note in a subsequent foreclosure action.

Id. at 1006-08.

---

[3] We note the opinion in Nolan v. MIA Real Holdings, LLC, 185 So. 3d 1275 (Fla. 4th DCA 2016), where the appellate court reversed the judgment of foreclosure in the third action on the same note and mortgage. However, the opinion stated that the third action was upon "the same breach" of the promissory note without specifying the date or dates of non-payment alleged in the lawsuits and thus not identifying the particular defaults at issue in the different actions. Id. at 1276. Nolan does not require dismissal of a subsequent suit where the defaults at issue in the actions are not identical.

In this case and the two previous, dismissed cases, the period of default alleged is open-ended—"December 1, 2008 and all subsequent payments." The actual number of individual monthly payments missed as of the filing date of each complaint differed due to the passage of time between the 2010 suit, the 2013 suit, and this 2014 complaint. It was undisputed that the first missed installment payment, and thus the first default on the note and mortgage, occurred December 1, 2008. It was also undisputed that no payments were made for each month thereafter. Accordingly, the actual defaults upon which the previous foreclosure actions were based did not include the additional defaults for the subsequent months at issue in this third action, even though the same language was used in each complaint to describe the period of default. Furthermore, the note was accelerated anew based upon failure of the Foreros to cure the default. Applying the rationales of Olympia Mortgage Corp. and Singleton, this third foreclosure action was not barred as res judicata, even in light of rule 1.420(a), because the open-ended series of defaults included different missed payments at issue in each suit.

The Foreros' position that this third action was barred as untimely by the statute of limitations must also fail on appeal. The purpose of a statute of limitations "is to protect unwitting defendants from the unexpected enforcement of stale claims brought by plaintiffs who have slept on their rights." Maynard v.

7

Household Fin. Corp. III, 861 So. 2d 1204, 1207 (Fla. 2d DCA 2003). On the other hand, as recognized in Singleton, the equitable nature of the remedy of foreclosure, the "unique nature of the mortgage obligation," and the possibility that debtors could be unjustly enriched if allowed to escape repayment due merely to the passage of time and an initial plaintiff's inability to prove the initial default must be considered before the right to enforce a promissory note may be cut off. Singleton, 882 So. 2d at 1007-08.

Balancing these purposes, the Florida Supreme Court applied the concept of a series of actionable defaults in Bartram. Summarizing the post-Singleton case law, the Court agreed "with the reasoning of both our appellate courts and the federal district courts that our analysis in Singleton equally applies to the statute of limitations context present in this case." Bartram, 211 So. 3d at 1019. The Court held, "with each subsequent default, the statute of limitations runs from the date of each new default providing the mortgagee the right, but not the obligation, to accelerate all sums then due under the note and mortgage." Id.

Applying Singleton to this case, the voluntary dismissals of the two previous foreclosure actions did not bar Ditech's subsequent action for foreclosure as res judicata because the causes of action are not identical. The additional payments missed by the time the third action was filed, which were not bases for the previous actions because they had not yet occurred, constitute separate defaults upon which

8

the third foreclosure action may be based. Additionally, acceleration of the note occurred at a different time. Accordingly, even though the same phrase was used to describe the default in each action — "December 1, 2008 and all subsequent payments" — the meaning of the phrase expanded as time progressed and additional payments were missed. At most, the doctrine of res judicata affected Ditech's ability to bring suit on the certain installment payments at issue in the second suit prior to the voluntary dismissal. But Singleton makes clear that enforcement of the note via a foreclosure action is not barred by res judicata for the defaults occurring after April 4, 2013, the date the second suit was dismissed.

Likewise, this third foreclosure action was not barred by the 5-year statute of limitations. Under the facts of this case, where it was alleged and established at trial that no payments had been made on the mortgage since November 2008, each missed payment constituted a new default. As stated in Bartram, "the statute of limitations runs from the date of each new default providing the mortgagee the right . . . to accelerate all sums then due under the note and mortgage." 211 So. 3d at 1019; see also Bollettieri Resort Villas Condo. Ass'n v. Bank of New York Mellon, 198 So. 3d 1140, 1142-43 (Fla. 2d DCA 2016) (holding complaint based on initial default over five years prior to complaint, but also alleging "no subsequent payments have been made," sufficient to state timely cause of action based on any missed payments since the initial breach), *certifying conflict with*

9

Hicks v. Wells Fargo Bank, N.A., 178 So. 3d 957 (Fla. 5th DCA 2015).[4]

Because this third foreclosure action upon the same note and mortgage and against the same defendants was not barred as res judicata or by the applicable statute of limitations, the final judgment of foreclosure is AFFIRMED.

LEWIS and WINOKUR, JJ., CONCUR.

---

[4] The effect of the passage of time, if any, upon the amount recoverable via foreclosure judgment when the initial default in a continuous series of defaults occurred more than five years before the filing of the complaint, was not raised by the parties at trial or on appeal. Accordingly, we do not reach the issue of whether the equitable concerns that debtors not be unjustly enriched by a plaintiff's previously dismissed actions should be balanced on the other hand by the purpose of the statute of limitations and other doctrines designed to impose consequences for stale claims and failure to timely and diligently prosecute legal action by the proper party. See U. S. Bank Nat'l Assoc. v. Bartram, 140 So. 3d 1007, 1013-1014 (Fla. 5th DCA 2014), *approved*, 211 So. 3d 1009 (Fla. 2016) (discussing federal cases suggesting that "defaults that are now more than five years old may be subject to the statute of limitations" while the later defaults were still actionable).