NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

HSBC BANK USA, NATIONAL )
ASSOCIATION, as trustee for )
DEUTSCHE ALT-A SECURITIES )
MORTGAGE LOAN TRUST, )
SERIES 2007-OA5, )
      )
      Appellant, )
      )
v. )      Case No. 2D17-740
      )
CLARE NELSON a/k/a CLARE )
BEEMAN; RANDY BEEMAN a/k/a )
RANDOLPH S. BEEMAN; EMILY )
BEEMAN f/k/a JANE TENANT; and )
NATIONAL CITY BANK, )
      )
      Appellees. )
_____)

Opinion filed April 27, 2018.

Appeal from the Circuit Court for
Sarasota County; Charles E. Williams,
Judge.

Steven J. Brotman and Douglas A.
Goldin of Locke Lord LLP, West Palm
Beach, for Appellant.

Mark P. Stopa of Stopa Law Firm,
Tampa, for Appellees Clare and
Randolph Beeman.

No appearance for remaining Appellees.

ROTHSTEIN-YOUAKIM, Judge.

HSBC Bank USA, N.A., as trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA5 (HSBC), appeals an order dismissing HSBC's foreclosure action without prejudice. Because the trial court erred in concluding that Bartram v. U.S. Bank National Ass'n, 211 So. 3d 1009 (Fla. 2016), required dismissal of HSBC's action, we reverse.

On August 8, 2008, HSBC filed a foreclosure complaint alleging that Claire Nelson (a.k.a. Claire Beeman) and Randolph Beeman (the Beemans) had failed to make the mortgage payment "due April 1, 2008[,] and all subsequent payments." On May 6, 2011, the trial court dismissed the action without prejudice based on HSBC's failure to retain counsel and failure to appear at a case management conference.

On February 7, 2013, HSBC filed the action at issue in this appeal. In the new complaint, HSBC again alleged that the Beemans had failed to make the mortgage payment "due April 1, 2008[,] and all subsequent payments." The Beemans filed a motion for summary judgment, arguing that, per Bartram, "the action is barred by Plaintiff's failure to base this action on default dates post-dating the dismissal of the 2008 action." The Beemans also argued that they were entitled to summary judgment based on HSBC's asserted failure to comply with paragraph 22 of the mortgage, and they filed evidence in support of that argument.

Persuaded by the Bartram argument, the trial court granted the Beemans' motion for summary judgment and granted the specific relief that they requested— dismissal of the second action, again without prejudice. The court expressly declined to address the paragraph 22 argument.

- 2 -

We review de novo the trial court's dismissal of HSBC's February 7, 2013, action on statute-of-limitations grounds, cf. Xavier v. Leviev Boymelgreen Marquis Developers, LLC, 117 So. 3d 773, 775 (Fla. 3d DCA 2012) ("A trial court's ruling on a motion to dismiss based on the statute of limitations is a question of law reviewed de novo."), and we conclude that the trial court erred in dismissing that action based on Bartram.  In that opinion, the supreme court stated that "a dismissal without prejudice would allow a mortgagee to bring another foreclosure action premised on the same default as long as the action was brought within five years of the default."  Bartram, 211 So. 3d at 1020 (emphasis added).  The Beemans do not dispute that after the dismissal without prejudice of the August 8, 2008, action, HSBC filed its February 7, 2013, foreclosure action within five years of the April 1, 2008, default.

Moreover, HSBC's February 7, 2013, complaint alleged a continuing default "in that the payment due April 1, 2008[,] and all subsequent payments have not been made."  (Emphasis added.)  Thus, regardless of whether HSBC's August 8, 2008, complaint was dismissed with or without prejudice, its February 7, 2013, complaint alleged a separate and distinct default entitling it to pursue foreclosure, notwithstanding that that complaint also still alleged the pre-dismissal defaults.  See Desylvester v. Bank of N.Y. Mellon ex rel. Holders of Alt. Loan Tr. 2005-62, Mortg. Pass-Through Certificates Series 2005-62, 219 So. 3d 1016, 1020 (Fla. 2d DCA 2017) ("We recognize that in the underlying action the Bank alleged that the borrowers defaulted on the note by failing to make the payment due on October 1, 2008, 'and all subsequent payments due thereafter.'  Granted, the October 1, 2008, date was the date alleged as the date of the initial default in the first foreclosure action, and this date was outside the period of

the five-year statute of limitations.  Nevertheless, the allegations of the complaint in the underlying action that the borrowers were in a continuing state of default at the time of the filing of the complaint was sufficient to satisfy the five-year statute of limitations."), rev. denied, No. SC17-1312, 2018 WL 1136532 (Fla. Mar. 2, 2018); HSBC Bank USA, Nat'l Ass'n, for Registered Holders of Nomura Home Equity Home Loan, Inc. v. Estate of Petercen, 227 So. 3d 640, 642-44 (Fla. 4th DCA 2017) (rejecting trial court's conclusion that Bartram bars subsequent foreclosure action when complaint alleges same beginning date of continuing default as alleged in prior foreclosure action that was dismissed); Forero v. Green Tree Servicing, LLC, 223 So. 3d 440, 443-44 (Fla. 1st DCA 2017) (explaining that although complaint at issue and complaints in two previously dismissed actions all alleged "December 1, 2008[,] and all subsequent payments" as default period, actual defaults upon which previous actions were based did not include additional defaults at issue in third action, even though same language was used in each complaint to describe default period).  Accordingly, the trial court in this case erred in concluding that Bartram compelled dismissal.

In holding that reversal is warranted on that basis, we decline the Beemans' invitation to apply the tipsy coachman doctrine to affirm based on HSBC's asserted failure to comply with paragraph 22 of the mortgage agreement.  As an initial matter, we note that the trial court expressly declined to address this argument, and this court "cannot employ the tipsy coachman rule where a lower court has not made factual findings on an issue and it would be inappropriate for an appellate court to do so." Salazar v. Hometeam Pest Def., Inc., 230 So. 3d 619, 622 (Fla. 2d DCA 2017) (quoting Bueno v. Workman, 20 So. 3d 993, 998 (Fla. 4th DCA 2009)); see also Bryant v. Fla.

Parole Comm'n, 965 So. 2d 825, 825 (Fla. 1st DCA 2007) ("We decline the Parole Commission's invitation to employ the 'tipsy coachman' rule . . . . The circuit court made no factual findings . . . , and it would be inappropriate for us to do so in the context of this appeal.").

More fundamentally, however, that argument is outside the scope of our review on this appeal. As noted above, in granting the Beemans' "motion for summary judgment," the trial court granted them the exact relief that they requested: it dismissed HSBC's complaint without prejudice. But as this court has observed, "Motions to dismiss and for summary judgment are not interchangeable, and one may not be substituted for another." U.S. Bank Nat'l Ass'n ex rel. Holders of Home Equity Asset Tr. 2002-4 Home Equity Pass-Through Certificates, Series 2002-4 v. Doepker, 223 So. 3d 1083, 1084 (Fla. 2d DCA 2017) (citing Holland v. Anheuser Busch, Inc., 643 So. 2d 621, 622-23 (Fla. 2d DCA 1994)). And "the character of a motion will depend upon its grounds or contents, and not on its title." Jones v. Denmark, 259 So. 2d 198, 200 n.1 (Fla. 3d DCA 1972).

Consequently, notwithstanding the trial court's granting of the Beemans' "motion for summary judgment," we are actually here—at the Beemans' behest—on appeal from the court's order of dismissal, and our review is confined to the four corners of the February 7, 2013, complaint and the arguments pertaining thereto. See Green v. Cottrell, 204 So. 3d 22, 30 (Fla. 2016) ("The review of an order granting a motion to dismiss is confined to the four corners of the complaint."). Because the Beemans' paragraph 22 argument necessarily would require us to consider the affidavits and other evidence filed in conjunction with the Beemans' motion and HSBC's response, we may

not consider it here.  The Beemans, however, are free to raise it as grounds for summary judgment on remand.

Accordingly, we reverse the order dismissing HSBC's foreclosure action and remand for further proceedings.

Reversed; remanded for further proceedings.


SILBERMAN and BLACK, JJ., Concur.