NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PROVIDENT FUNDING ASSOCIATES,  )
L.P.,                          )
                               )
      Appellant,              )
                               )
v.                             )     Case No. 2D17-337
                               )
MDTR, as trustee under the 6925 Alta )
Vista Land Trust and BETTY JEAN )
GROVES,                        )
                               )
      Appellees.              )
_____)

Opinion filed October 12, 2018.

Appeal from the Circuit Court for Pasco
County; Declan Mansfield, Judge.

Cynthia L. Comras, David Rosenberg, and
Jarrett Cooper of Robertson, Anschutz &
Schneid, P.L., Boca Raton, for Appellant.

Mark P. Stopa of Stopa Law Firm, Tampa
(withdrew after briefing); Isaac Manzo of
Manzo & Associates, P.A., Orlando
(substituted as counsel of record), for
Appellee MDTR, as trustee under the 6925
Alta Vista Land Trust.

No appearance for remaining Appellee.

SALARIO, Judge.

This is a residential foreclosure case brought by Provident Funding Associates, L.P., a mortgage servicer, against Betty Groves and MDTR, as trustee under the 6925 Alta Vista Land Trust. Provident appeals from a final order granting MDTR's motion for involuntary dismissal. The trial court incorrectly held that this case is barred by res judicata. We reverse and remand for further proceedings.

I.

In September 2007, Ms. Groves borrowed $110,000 from Provident Funding Group, Inc., which we refer to here as the lender. The debt was evidenced by a note between Provident and Ms. Groves and secured by a mortgage on residential real property in New Port Richey, Florida. At some point, Ms. Groves stopped making regular payments of principal and interest on the loan, which led to two separate civil actions filed by Provident to foreclose on Ms. Groves' mortgage.

The first case was filed on September 22, 2010 and named Provident as plaintiff and Ms. Groves and any unknown parties with an interest in the property secured by the mortgage as defendants. The complaint alleged that Ms. Groves defaulted under the note by failing to make the "October 1, 2008 payment and all payments due thereafter" and sought to foreclose the mortgage. Provident failed to respond to requests for admission Ms. Groves served on it and, by virtue of that failure, was deemed to have admitted that it was not the owner or holder of the note and that it lacked standing to sue for foreclosure. Based on those technical admissions, the trial court entered a final summary judgment in Ms. Groves' favor on May 9, 2012. Provident did not appeal, and a motion for relief from judgment was denied.

On April 1, 2015, Provident filed a second foreclosure case, which is the case that gives rise to this appeal. The complaint names Ms. Groves and MDTR as defendants and alleges that at some point MDTR became the owner of the property secured by the mortgage. It asserts that the note is in default because "the payment due May 1, 2010, and all subsequent payments" have not been made.

MDTR filed an answer and, later and with leave of court, an amended answer to Provident's complaint. The amended answer asserted that MDTR was without knowledge of and was therefore denying all of the allegations of Provident's complaint, including its allegation that MDTR was the owner of the property that was the subject of Provident's mortgage. MDTR also asserted several affirmative defenses, including a defense that Provident's foreclosure action was barred by res judicata.

The trial court held a nonjury trial on January 9, 2017. At the beginning of trial, Provident moved to drop Ms. Groves as a party. The court granted the motion, and the trial proceeded with MDTR as the sole defendant. MDTR requested that the trial court take judicial notice of the complaint and final judgment from the first foreclosure case Provident filed, and without objection, the trial court did so.

The sole witness at the trial was Joseph Tami, a foreclosure operation manager for Provident. Based on Mr. Tami's testimony, the trial court admitted into evidence the original note, which contained an undated, blank endorsement from the lender; the mortgage; a default notice dated December 19, 2014, and addressed to Ms. Groves; and a loan disbursement and payment log. Mr. Tami's testimony also established that the loan was in default as of May 1, 2010. There was no testimony or documentary evidence admitted concerning what interest MDTR had in the property, if any, or the circumstances under which it had acquired that interest.

At the end of Provident's case-in-chief, MDTR moved for an involuntary dismissal. It argued, among other things, that the action was barred by res judicata by virtue of the final judgment in the first foreclosure case and the fact that the complaint in the second case alleged an initial default date (May 1, 2010) before the first case was even filed. The trial court reserved ruling and asked MDTR whether it intended to put on any evidence. MDTR advised that it did not, and the parties continued arguing about involuntary dismissal. The trial court agreed with MDTR and dismissed Provident's claim as barred by res judicata. It expressly declined to address MDTR's other arguments for involuntary dismissal. This is Provident's timely appeal.

II.

We review an order granting a motion for involuntary dismissal de novo. Deutsche Bank Nat'l Tr. Co. v. Kummer, 195 So. 3d 1173, 1175 (Fla. 2d DCA 2016). We hold that the doctrine of res judicata does not apply here, and that the trial court thus improvidently dismissed the action, because MDTR failed to prove the required element of identity of parties and because the supreme court's decision in Singleton v. Greymar Associates, Inc., 882 So. 2d 1004 (Fla. 2004), precludes application of res judicata on the facts that this case presents.[1]

---

[1]The timing and substance of the order of involuntary dismissal are unusual. An involuntary dismissal tests whether the plaintiff has made a prima facie case and is typically presented and resolved at the conclusion of the plaintiff's evidence. See Fla. R. Civ. P. 1.420(b) (describing timing and resolution of motion for involuntary dismissal); May v. PHH Mortg. Corp., 150 So. 3d 247, 248 (Fla. 2d DCA 2014) ("When confronted with a motion for involuntary dismissal, the trial court must determine whether or not the plaintiff has made a prima facie case."). Here, the trial court entered an order of involuntary dismissal after Provident and MDTR were both finished with the evidentiary portion of the trial (MDTR having declined to put on evidence), when it could have simply rendered a final judgment on the basis of an affirmative defense rather than a deficiency in Provident's prima facie case. See Kummer, 195 So. 3d at 1175 n.2 ("We would further note that the timing of the court's involuntary dismissal of Deutsche Bank's

The doctrine of res judicata provides that a judgment on the merits in an earlier suit bars a later suit on the same cause of action between the same parties or others in privity with those parties. Fla. Dep't of Transp. v. Juliano, 801 So. 2d 101, 105 (Fla. 2001) (quoting Kimbrell v. Pate, 448 So. 2d 1009, 1012 (Fla. 1984)). It applies when the later suit shares four "identities" with the earlier one: (1) the "identity of the thing sued for," (2) the "identity of the cause of action," (3) the "identity of persons and parties to the action," and (4) the "identity of the quality of the persons for or against whom the claim is made." Bryan v. Fernald, 211 So. 3d 333, 335 (Fla. 2d DCA 2017) (quoting Topps v. State, 865 So. 2d 1253, 1255 (Fla. 2004)). Further, courts may decline to apply the doctrine in limited circumstances when it would "defeat the ends of justice." State v. McBride, 848 So. 2d 287, 291 (Fla. 2003). Res judicata is an affirmative defense, and the burden of proof is borne by the party asserting it. Fla. R. Civ. P. 1.110(d); Nunez v. Alford, 117 So. 2d 208, 209–10 (Fla. 2d DCA 1960).

Here, MDTR failed to carry its burden of proof on the element of identity of parties. Identity of parties for res judicata purposes exists when the parties in the later action were also parties in the first action or, if not, were in privity with those parties. See Bryan, 211 So. 3d at 336; Linn-Well Dev. Corp. v. Preston & Farley, Inc., 710 So. 2d 578, 580 (Fla. 2d DCA 1998). Indisputably, MDTR was not a party to Provident's initial foreclosure action—only Ms. Groves was. So the question is whether MDTR is in

complaint—after both parties had rested their respective cases, when the court could just as easily rendered a final judgment on the merits—was unusual and perhaps not in keeping with the 'best practice' in nonjury trials of ruling on such a motion at the conclusion of the plaintiff's case."). We need not sort through these aspects of the trial court's order to resolve this case. As demonstrated in the text, MDTR bore the burden of proof on res judicata, and it both failed to carry that burden and ran into a legal obstacle posed by the supreme court's Singleton decision.

privity with Ms. Groves. To be in privity with a party to an earlier lawsuit, "one must have an interest in the action such that she will be bound by the final judgment as if she were a party." Pearce v. Sandler, 219 So. 3d 961, 965 (Fla. 3d DCA 2017); see also Stogniew v. McQueen, 656 So. 2d 917, 920 (Fla. 1995) (applying the same test in the context of the related doctrine of collateral estoppel).

Although the generality of that statement may make it challenging to apply in some cases, that is not a problem that we have here. In this case, there was no evidence presented at the trial that in any way bore upon what interest MDTR may have had in the prior foreclosure action. We are led to believe by some statements the parties' lawyers made during the trial that MDTR may have acquired in a bankruptcy some ownership interest in the property that is the subject of Provident's mortgage, but those statements were disputed and are not evidence of anything. See Heller v. Bank of Am., NA, 209 So. 3d 641, 644 (Fla. 2d DCA 2017) ("Without a stipulation by the parties, the trial court cannot rely on an unsworn statement of counsel to make a factual determination."). The evidentiary record is wholly silent as to what interest, if any, MDTR had in the subject matter of the prior litigation, how it acquired that interest, or anything else that would permit a court to make a determination one way or the other about whether MDTR had an interest in the first foreclosure action such that it would have been bound by a judgment in that action. There was thus no evidentiary basis bearing on the element of identity of parties upon which the trial court could have invoked res judicata to dismiss Provident's second foreclosure action. See, e.g., Massey v. David, 831 So. 2d 226, 234 (Fla. 1st DCA 2002) ("Because the record does not conclusively establish that Mr. David would have been bound by an adverse result .

- 6 -

. . earlier in the present proceeding . . . , the trial court erred in granting summary judgment on the basis of res judicata and collateral estoppel.")

Furthermore, the supreme court's decision in Singleton poses a separate, free-standing stumbling block to MDTR's invocation of res judicata in this case. That decision establishes that res judicata does not bar a subsequent foreclosure action on the same mortgage based on a distinct period of default. 882 So. 2d at 1006–07. The complaint here falls within this rule because it is based on a period of default (May 1, 2010 and all payments thereafter) that is different and distinct from the period of default alleged in the first action (October 1, 2008 and all payments thereafter).

In Singleton, a mortgagee filed a first foreclosure action based on payment defaults between September 1, 1999 and February 1, 2000. Id. at 1005. That case was dismissed with prejudice, and the mortgagee later brought a second foreclosure action for a default beginning April 1, 2000. Id. The trial court rejected the mortgagor's defense that the second foreclosure action was barred by res judicata and granted summary judgment to the mortgagee. Id. The Fourth District affirmed. Id.

At the supreme court, the mortgagor's argument was that when a mortgagee accelerates the entire balance due on the mortgage after a payment default and sues for foreclosure, the entire loan balance is at issue, and an adverse judgment is res judicata as to any subsequent claim to recover on the note and mortgage.[2] See id. at 1006 (discussing Stadler v. Cherry Hill Developers, Inc., 150 So. 2d 468, 472–73 (Fla. 2d DCA 1963)). The supreme court disagreed and held that "[w]hile it is true that a

_____

[2]Both of the foreclosure actions that Provident filed with respect to Ms. Groves' note and mortgage were based on the acceleration of the entire amount due under the note.

foreclosure action and an acceleration of the balance due based upon the same default may bar a subsequent action on that default, an acceleration and foreclosure predicated on subsequent and different defaults present a separate and distinct issue" such that the second action "is not necessarily barred by res judicata." Singleton, 882 So. 2d at 1007. The court explained:

> For example, a mortgagor may prevail in a foreclosure action by demonstrating that she was not in default on the payments alleged to be in default, or that the mortgagee had waived reliance on the defaults. In those instances, the mortgagor and mortgagee are simply placed back in the same contractual relationship with the same continuing obligations. Hence, an adjudication denying acceleration and foreclosure under those circumstances should not bar a subsequent action a year later if the mortgagor ignores her obligations on the mortgage and a valid default can be proven.

Id. (emphasis added). It recognized that this approach to applying res judicata to an accelerated mortgage loan represents a "seeming variance from the traditional law of res judicata" and justified that variance based on equitable considerations and the "unique nature of the mortgage obligation." Id. The court concluded that "justice would not be served" if res judicata could "essentially insulate" a mortgagee from a follow-on foreclosure suit based on subsequent payment defaults. Id. at 1007–08.

Under Singleton, Provident's second foreclosure action is not barred by res judicata. The final judgment in the first foreclosure action did not make any determination that would invalidate the note and mortgage or preclude Provident from ever suing upon the note and mortgage; at most, it determined (based on a failure to answer requests for admission) that Provident lacked standing at the time the first foreclosure action was filed and at the time Provident failed to respond to Ms. Groves' requests for admission. Thus, after the first action was resolved in Ms. Groves' favor,

- 8 -

she and the lender were returned to their presuit contractual relationship under which she was obligated to make regular payments of principal and interest on the note. See id. at 1007. And as in Singleton, the second foreclosure complaint here is based on a separate and distinct period of default on that payment obligation from the period of default alleged in the first action.

The trial court appears to have concluded otherwise because the period of default alleged in the second complaint (the May 1, 2010 payment and all subsequent payments) predates and overlaps with the time the first foreclosure action was pending (it was dismissed on May 9, 2012). We disagree. The complaint in this case was filed on April 1, 2015, and by its terms—namely, that Ms. Groves had defaulted on all payments subsequent to the May 1, 2010 payment—included payments Ms. Groves missed for nearly three years after the first foreclosure action was resolved. On its face, then, it alleged defaults outside the period the initial foreclosure was pending.

In that regard, the First District's decision in Forero v. Green Tree Servicing, LLC, 223 So. 3d 440 (Fla. 1st DCA 2017), is on point. There, the plaintiff brought two foreclosure actions alleging "December 1, 2008 and all subsequent payments" as the period of default. Id. at 441–42. After it voluntarily dismissed both actions—the second voluntary dismissal operating as an adjudication on the merits under Florida Rule of Civil Procedure 1.420(a)(1)—it filed a third one also alleging defaults from "December 1, 2008 and all subsequent payments." Id. at 442. Applying Singleton, the First District held that res judicata did not bar the third action even though all three complaints alleged "December 1, 2008 and all subsequent payments" as the default period. Id. at 443–44. Its reasoning is persuasive and equally applicable here:

> The additional payments missed by the time the third action was filed, which were not bases for the previous actions because they had not yet occurred, constitute separate defaults upon which the third foreclosure action may be based. Additionally, acceleration of the note occurred at a different time. <u>Accordingly, even though the same phrase was used to describe the default in each action—"December 1, 2008 and all subsequent payments"—the meaning of the phrase expanded as time progressed and additional payments were missed</u>.

<u>Id.</u> at 444 (emphasis added). We agree and hold that Provident's second complaint here alleged defaults that were separate and distinct from those alleged in the complaint in the first action.[3] <u>See also</u> <u>U.S. Bank Nat'l Ass'n v. Amaya</u>, 43 Fla. L. Weekly D1637, D1638 (Fla. 3d DCA 2018) (reversing a final judgment in the mortgagor's favor and holding that res judicata did not apply where first and second complaints alleged default dates of May 1, 2008 and "all subsequent payments" in part because the allegation "that 'all subsequent payments have not been paid' after the May 1, 2008 default, thereby including the 'subsequent and different defaults' after the filing of, and subsequent dismissal, of the previous action contemplated by <u>Singleton</u>" (quoting U.S. Bank's verified amended complaint)).

The trial court believed that the supreme court's decision in <u>Bartram v. U.S. Bank National Ass'n</u>, 211 So. 3d 1009 (Fla. 2016), required a different result. It misread that case. In <u>Bartram</u>, the supreme court relied on <u>Singleton</u> in holding that the statute of limitations on foreclosure claims does not bar a mortgagee from filing a

---

[3]We express no opinion on whether or to what extent the preclusive effect of the judgment in the first action may limit or prohibit Provident from having payment defaults that were embraced by the allegations of the first complaint or that occurred while the first action was pending in the amount of indebtedness to be established in this action. Depending on how the proceedings on remand unfold, this may be an issue the trial court will have to resolve based on the pleadings, evidence, and legal arguments offered by the parties.

successive foreclosure action based on a default that occurred subsequent to the dismissal of the initial action so long as the subsequent action is timely as to the subsequent default. 211 So. 3d at 1012. It is precisely because Singleton holds that a subsequent default creates a distinct cause of action that the Bartram court concluded that the five-year statute of limitations runs from the date of each new default. Id. at 1019. And applying Bartram, our court has held that even where a successive foreclosure complaint alleges a default outside the limitations period, so long as it contains language like "all subsequent payments," it alleges payment defaults within the limitations period such that dismissal of the action on the basis of the statute of limitations is improper. See, e.g., Desylvester v. Bank of N.Y. Mellon, 219 So. 3d 1016, 1020 (Fla. 2d DCA 2017) ("Nevertheless, the allegations of the complaint in the underlying action that the borrowers were in a continuing state of default at the time of the filing of the complaint was sufficient to satisfy the five-year statute of limitations."); Bollettieri Resort Villas Condo. Ass'n v. Bank of N.Y. Mellon, 198 So. 3d 1140, 1142 (Fla. 2d DCA 2016) ("Although the initial default occurred more than five years prior to the bank's foreclosure complaint, the bank affirmatively alleged that Graham has failed to make any subsequent payments due on the note."). Simply put, nothing in Bartram supports the proposition that the judgment in the action on the first payment default bars the prosecution of a subsequent action based on a later payment default alleged to include a date certain and all subsequent payments.[4]

---

[4]The same is true of the trial court's reliance on GMAC Mortgage, LLC v. Whiddon, 164 So. 3d 97 (Fla. 1st DCA 2015). That case involved the dismissal of a subsequent action that was based on the same period of default. Id. at 98–101. The court there affirmed the dismissal of the subsequent action because the plaintiff had failed to allege a separate default sufficient to give rise to a new cause of action. Id. As demonstrated in the text, that is not the case here.

III.

In sum, because MDTR failed to carry its burden of proving identity of parties and because this foreclosure action was based on a period of default separate and distinct from that which formed the basis of the previous foreclosure action, the trial court erred in dismissing this claim as barred by res judicata.[5]  We reverse the order of involuntary dismissal and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.


NORTHCUTT and ROTHSTEIN-YOUAKIM, JJ., Concur.

---

[5]We decline to reach MDTR's tipsy coachman arguments and leave them for the trial court to consider in the first instance on remand.  See HSBC Bank USA, Nat'l Ass'n v. Nelson, 246 So. 3d 486, 489 (Fla. 2d DCA 2018).  To the extent MDTR seeks to defend on the basis of collateral estoppel, we note that the law requires mutuality of parties there as well.  See Stogniew, 656 So. 2d at 919.