# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-3130

_____

LINDA COTY BULLOCK,

Appellant,

v.

BAYVIEW LOAN SERVICING, LLC,

Appellee.

_____

On appeal from the Circuit Court for Bay County.
Keith Brace, Judge.

June 28, 2019

WETHERELL, J.

Linda Coty Bullock (the borrower) appeals the final judgment of foreclosure entered in favor of Bayview Loan Servicing, LLC (the servicer). The borrower argues that res judicata barred this foreclosure action because the servicer had unsuccessfully prosecuted a prior foreclosure action against the borrower. We reject this argument and affirm the foreclosure judgment.

## Facts

In 2003, the borrower obtained a $112,450 loan from Yale Mortgage Company. The loan was evidenced by a promissory note and secured by a mortgage on residential real property owned by the borrower. The servicer is the current owner and holder of the note and mortgage.

In 2010, the servicer filed a foreclosure action against the borrower based on the borrower's failure to make the loan payments due in February 2008 and thereafter. After a non-jury trial, the trial court entered final judgment in favor of the borrower. The final judgment stated in pertinent part: "On the evidence presented, the Court finds that [the servicer] has failed to prove that it has standing to enforce the note sued upon and has failed to prove by competent evidence the amount allegedly due on said note." The judgement ordered that the servicer "take nothing and that [the borrower] shall go hence without day." The servicer did not appeal the final judgment.

In 2015, the servicer filed another foreclosure action against the borrower based on the borrower's failure to make the loan payments due in July 2010 and thereafter. The borrower filed an answer raising affirmative defenses, including res judicata based on the final judgment in the prior foreclosure case. The trial court rejected the res judicata defense, and after a non-jury trial, the court entered a final judgment of foreclosure in favor of the servicer.

This appeal followed.

## Analysis

As she did below, the borrower argues on appeal that the current foreclosure action is barred by res judicata.[1] The servicer responds that res judicata does not apply here because the current foreclosure action was based on a different period of default than

---

[1] We reject the servicer's argument that this issue was not properly preserved for review. The issue was pled as an affirmative defense, framed in the pre-trial stipulation, and raised in a motion in limine that was denied by trial court. The fact that the borrower did not also raise the issue in its closing argument does not, under the circumstances, amount to a waiver or abandonment of the issue.

the prior action. Based on our de novo review,[2] we agree with the servicer.

The servicer's position is amply supported by settled case law, including *Bartram v. U.S. Bank National Association* in which the Florida Supreme Court reaffirmed that "when a second and separate action for foreclosure is sought for a default that involves a separate period of default from the one alleged in the first action, the case is not necessarily barred by res judicata." 211 So. 3d 1009, 1016 (Fla. 2016) (quoting *Singleton v. Greymar Assoc.*, 882 So. 2d 1004, 1006-07 (Fla. 2004)). The borrower acknowledges this holding, but argues that the "not necessarily barred" language used by the Court means that there are circumstances where subsequent foreclosure actions are barred by res judicata and that this case is one of those circumstances.

Specifically, the borrower argues the "take nothing" disposition of the prior foreclosure action equates to a determination that there was nothing due on the loan. This argument finds no support in the prior final judgment because the trial court did not affirmatively find that the borrower no longer owed anything on the loan; instead, the court simply found that the servicer failed to adequately prove the amount due based on the default alleged in that case.

On this record, it strains credibility to argue that the failure-of-proof finding in the prior foreclosure action equates to a finding that the borrower owes nothing on the loan. Indeed, the unrebutted evidence presented at the non-jury trial in this case established that the borrower has not made any payments on the loan for **more than a decade**. Accordingly, even if the borrower's interpretation of the prior final judgment was correct, it would be inequitable to apply the doctrine of res judicata to bar the foreclosure action in this case. *See Bartram*, 211 So. 3d at 1017 ("Clearly, justice would not be served if the mortgagee was barred from challenging the subsequent default payment solely because he failed to prove the earlier alleged default.") (quoting *Singleton*,

---

[2] *See Engle v. Liggett Group, Inc.*, 945 So. 2d 1246, 1259 (Fla. 2006) ("[W]hether the application of res judicata was proper is a question of law. We therefore apply a de novo standard of review.") (internal citation omitted).

882 So.2d at 1007-08); *Provident Funding Assoc., L.P. v. MDTR*, 257 So. 3d 1114, 1117 (Fla. 2d DCA 2018) ("[C]ourts may decline to apply the doctrine [of res judicata] in limited circumstances when it would 'defeat the ends of justice.'") (quoting *State v. McBride*, 848 So. 2d 287, 291 (Fla. 2003)).

## Conclusion

For the foregoing reasons, we affirm the final judgment of foreclosure.

AFFIRMED.

OSTERHAUS and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jeffrey P. Whitton, Panama City, for Appellant.

Alexis Fields of Kopelowitz Ostrow Ferguson Weiselberg Gilbert, Fort Lauderdale, for Appellee.

4