# Third District Court of Appeal

## State of Florida

Opinion filed October 13, 2016.

_____

No. 3D15-10
Lower Tribunal No. 13-28478
_____

**Devina Dhanasar,**
Appellant,

vs.

**JPMorgan Chase Bank, N.A.,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Eugene J. Fierro, Senior Judge.

Scanziani Law Group, LLC and Denise Martinez-Scanziani and Paul John Scanziani, for appellant.

Kula & Associates, P.A. and Elliot B. Kula, W. Aaron Daniel, and William D. Mueller, for appellee.

Before SUAREZ, C.J., and WELLS and EMAS, JJ.

ON MOTION FOR REHEARING

SUAREZ, C.J.

Devina Dhanasar moves for rehearing of this Court's July 27, 2016 opinion. We grant the Appellant's motion for rehearing. We withdraw the prior opinion and issue the following corrected opinion in its place.

Devina Dhanasar appeals from a final judgment of foreclosure. We affirm.

Dhanasar defaulted on her mortgage payments in April 2008. The predecessor bank, Washington Mutual, sent a notice of default and acceleration with a thirty-day cure provision. The foreclosure Complaint that is the subject of this appeal was filed on August 31, 2013. The 2013 Complaint sought the accelerated amounts due from April 2008 forward. Dhanasar filed her Answer, asserting nineteen affirmative defenses, the last being the five-year statute of limitations on mortgage foreclosure actions pursuant to section 95.11(2)(c), Florida Statutes (2013).

The trial was held December 2014. At trial, both parties stipulated that they would proceed solely on the statute of limitations issue. Dhanasar's counsel argued that the June 18, 2008 notice of default and thirty-day cure option triggered the start of the five-year statute of limitation on the foreclosure action when the thirty days expired. Thus, Dhanasar argued, the statute of limitation expired on July 18, 2013 and the Bank's August 31, 2013 Complaint was time barred.

JPMorgan Chase, the successor Bank, argued at trial that acceleration did not occur until the Complaint in foreclosure was filed on August 31, 2013, because

the filing of the complaint is what triggers the start of the statute of limitation. Further,

the Bank argued, the foreclosure was based on the Mortgage, not the letter of default, and the Mortgage contains an optional acceleration clause providing that the lender may, <u>at its option</u>, choose to accelerate the Note. In other words, the acceleration did not occur automatically thirty days after the default letter was sent, but rather when the Bank sought to foreclose by filing its 2013 Complaint. The trial court entered Final Judgment of Foreclosure against Dhanasar.[1]

The question is whether the Bank could proceed with the action for foreclosure where Dhanasar failed to make her April 2008 payment and any subsequent payments, where the notice letter was sent to her in July of 2008, and where the foreclosure complaint was not filed until August of 2013. Because the Bank's complaint specifically alleged that Dhanasar had failed to pay the April 2008 payment *and all subsequent payments*, and the action was filed within five

---

[1] The Appellant raises for the first time on appeal the suggestion that the Bank had filed a prior complaint in foreclosure that accelerated the Note and caused the five-year statute of limitations to have expired by the time the Bank filed the 2013 Complaint. Appellant's trial counsel failed, however, to raise and argue the matter of the alleged foreclosure complaint to the trial court. It may not be considered for the first time on appeal and the issue is waived. <u>See</u> <u>Dade County School Bd. v. Radio Station WQBA</u>, 731 So. 2d 638 (Fla. 1999) (a claim not raised in the trial court will not be considered on appeal); <u>Dober v. Worrell</u>, 401 So. 2d 1322 (Fla. 1981) (appellate court will not consider issues not presented to the trial judge on appeal from final judgment on the merits).

years of a default payment, we agree with the trial court's conclusion that the action survived the asserted statute of limitations bar. We followed this analysis in Deutsche Bank Trust Co. Americas v. Beauvais, 188 So. 3d 938, 944-45 (Fla. 3d DCA 2016) (en banc), and it is entirely applicable to the facts at hand.

The order under review is therefore affirmed.