SALTER, J.

On Motion for Rehearing

Upon consideration of the appellants’ motion for rehearing, we withdraw our opinion issued April 13, 2016, in this appeal, and substitute the following opinion in its place.[1]
Jorge and Maria Collazo appeal a final judgment of foreclosure entered on a defaulted residential mortgage. The appel-lee and mortgagee, HSBC Bank USA, N.A. (“HSBC”),[2] commenced the lawsuit below in January 2014, over five years after (a) the alleged payment default, (b) acceleration of the entire indebtedness in a notice sent to the Collazos in 2008, and (c) the commencement of a previous foreclo *1013 sure suit in 2008, dismissed without prejudice in 2011 following HSBC’s failure to comply with a court order. The Collazos maintain that the final judgment of foreclosure must be reversed because of the expiration of the five-year statute of limitations[3] applicable to the mortgage note.
This Court’s decision issued on rehearing en banc in the case of Deutsche Bank Trust Co. Americas v. Beauvais, 188 So.3d 938 (Fla. 3d DCA 2016), holds that the five-year statute does not bar a second foreclosure suit filed on a subsequent payment default occurring within the five-year statutory period preceding the commencement of the second suit. The Fifth District has reached a similar conclusion in the case of U.S. Bank National Association v. Bartram, 140 So.3d 1007, 1014 (Fla. 5th DCA), review granted, 160 So.3d 892 (Fla.2014) (“Therefore, we conclude that a foreclosure action for default in payments occurring after the order of dismissal in the first foreclosure action is not barred by the statute of limitations found in section 95.11(2)(c), Florida Statutes, provided the subsequent foreclosure action on the subsequent defaults is brought within the limitations period.”).
The record in the present case discloses that HSBC asserted the same payment default date and basis for acceleration in both the 2008 and 2014 complaints, a date over five years preceding the commencement of the 2014 case in the circuit court. As a result, we reverse the final judgment of foreclosure and remand the case for dismissal without prejudice in accordance with this Court’s recent opinion on rehearing en banc in Beauvais.[4]
Reversed and remanded with instructions.

. In the same motion, the appellees also moved for certification of conflict to the Supreme Court of Florida; that aspect of the motion is denied.

. HSBC did not respond to an order directing it to file an answer brief, nor has it filed a memorandum of points and authorities in support of its position. Although counsel has since appeared on its behalf, HSBC has not filed a response to the Collazos’ motion for rehearing and for certification.

. § 95.1 l(2)(c), Fla. Stat. (2014).

. Our Beauvais decision and the case at hand may also be affected by the Florida Supreme Court's determination of the limitations issues in the pending Bartram case.