# Third District Court of Appeal

## State of Florida

Opinion filed August 30, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2213
Lower Tribunal No. 14-31950
_____

**The Bank of New York Mellon Corporation as Trustee, etc.,**
Appellant,

vs.

**Alejandro O. Anton,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Akerman LLP, Nancy M. Wallace (Tallahassee), William P. Heller (Fort Lauderdale) and Eric M. Levine (West Palm Beach), for appellant.

Matthew Estevez, for appellee.

Before EMAS, FERNANDEZ and LUCK, JJ.

EMAS, J.

Appellant, The Bank of New York Mellon Corporation (BONYM), appeals the trial court's order granting summary final judgment in favor of appellee, Alejandro O. Anton. For the reasons that follow, we reverse.

On October 29, 2009, BONYM filed a complaint to foreclose on residential property owned by Anton, alleging that BONYM "has not been paid the payment due August 1, 2008, and all subsequent payments, which has resulted in a default of the note and mortgage." In its complaint, BONYM "declares the full amount due under the note and mortgage to be accelerated." On December 5, 2011, the trial court dismissed this action for lack of prosecution.

On December 19, 2014, BONYM filed a second action to foreclose on Anton's property. The complaint in the second foreclosure action alleged that Anton "has defaulted on the promissory note and mortgage by failing to pay the payment due on August 1, 2008, and all subsequent payments." BONYM again declared the full amount due under the mortgage and note to be accelerated.

Thereafter, Anton filed a motion for summary judgment, contending that the second foreclosure action was barred by the five-year statute of limitations. See § 95.11(2)(c), Fla. Stat. (2009). The trial court entered final judgment in favor of Anton. In doing so, the trial court took judicial notice of the pleadings filed in the first foreclosure action and concluded:

> There is no genuine issue of material fact. Plaintiff clearly and unequivocally accelerated all sums due under the subject promissory

2

note on October 29, 2009 – the date it filed its prior Complaint for Foreclosure. Plaintiff's prior foreclosure suit was subsequently dismissed without prejudice, for lack of prosecution. As such, the applicable statute of limitations expired on October 28, 2014 – 5 years after the cause of action accrued. <u>See</u> Section §95.11(2)(c), Fla. Stat. The instant suit to foreclose the mortgage was filed December 14, 2014 – after the Statute of Limitations expired.

This appeal follows.

Upon our de novo review, <u>Volusia Cty. v. Aberdeen at Ormond Beach, L.P.</u>, 760 So. 2d 126, 130 (Fla. 2000), we hold that the trial court's entry of summary judgment was erroneous. The trial court found that, because the payments due under the note and mortgage were accelerated by the filing of the first action in October 2009, the second action (commenced more than five years later, in December 2014) was barred by the statute of limitations.

However, this reasoning was rejected by the Florida Supreme Court in <u>Bartram v. U.S. Bank National Association</u>, 211 So. 3d 1009 (Fla. 2016), and by this court in <u>Deutsche Bank Trust Co. Americas v. Beauvais</u>, 188 So. 3d 938 (Fla. 3d DCA 2016) (en banc).[1]

_____

[1] The trial court's final order was rendered on August 26, 2015, and at that time the trial court was bound by, and faithfully followed, the then-existing precedent of this court as set forth in the initial panel decision in <u>Deutsche Bank Trust Co. Americas v. Beauvais</u>, 40 Fla. L. Weekly D1 (Fla. 3d DCA Dec. 17, 2014), *superseded on rehearing en banc* <u>Deutsche Bank Trust Co. Americas v. Beauvais</u>, 188 So. 3d 938 (Fla. 3d DCA 2016). On appeal, of course, we are governed by the 2016 en banc decision in <u>Beauvais</u>, as well as the Florida Supreme Court's 2016 decision in <u>Bartram</u>. <u>See</u> <u>Lowe v. Price</u>, 437 So. 2d 142 (Fla. 1983) (appellate court is bound to apply decisional law as it exists at the time of appeal, even if there has been a change in the law subsequent to the trial); <u>Nash v. General Motors</u>

In Bartram, 211 So. 3d at 1019, the Florida Supreme Court addressed the applicability of the statute of limitations after a foreclosure complaint (in which the sums due under the note and mortgage were accelerated) had been involuntarily dismissed:

> [W]ith each subsequent default, the statute of limitations runs from the date of each new default providing the mortgagee the right, but not the obligation, to accelerate all sums then due under the note and mortgage.

> Consistent with the reasoning of Singleton [v. Greymar Associates, 882 So. 2d 1004 (Fla. 2004)], the statute of limitations on the balance under the note and mortgage would not continue to run after an involuntary dismissal, and thus the mortgagee would not be barred by the statute of limitations from filing a successive foreclosure action premised on a "separate and distinct" default. Rather, after the dismissal, the parties are simply placed back in the same contractual relationship as before, where the residential mortgage remained an installment loan, and the acceleration of the residential mortgage declared in the unsuccessful foreclosure action is revoked.

The Court further held:

> [T]he Bank's first foreclosure action was involuntarily dismissed, and therefore there was no judicial determination that a default actually occurred. Thus, even if the note had been accelerated through the Bank's foreclosure complaint, the dismissal of the foreclosure action had the effect of revoking the acceleration. By the express terms of the reinstatement provision, if, in the month after the dismissal of the foreclosure action, Bartram began to make monthly payments on the note, the Bank could not have subsequently accelerated the entire note until there were future defaults. Once there were future defaults, however, the Bank had the right to file a subsequent foreclosure action – and to seek acceleration of all sums due under the note – so long as the foreclosure action was based on a subsequent default, and the statute of limitations had not run on that particular default.

Corp., 734 So. 2d 437 (Fla. 3d DCA 1999).

4

Id. at 1021 (emphasis added).

Therefore, BONYM's allegation in the second complaint—that Anton defaulted by failing to make payment on August 1, 2008 *"and all subsequent payments"*— satisfies Bartram's pleading requirement that the second "foreclosure action was based on a subsequent default, and the statute of limitations had not run on that particular default." Id.

Given the allegation that Anton failed to make all subsequent payments, the mere fact that the second foreclosure complaint alleged the same *initial* default date as that alleged in the first foreclosure complaint (i.e., August 1, 2008), is of no moment: by alleging that Anton failed to make the payment due on August 1, 2008 "and all subsequent payments," the action alleged a series of defaults by Anton on all payments due beginning on August 1, 2008 and continuing up to the date of the filing of the second foreclosure action on December 19, 2014. See Dhanasar v. JPMorgan Chase Bank, N.A., 201 So. 3d 825 (Fla. 3d DCA 2016) (holding that "[b]ecause the Bank's complaint specifically alleged that Dhanasar had failed to pay the April 2008 payment *and all subsequent payments*, and the action was filed within five years of a default payment," the action was not barred by the statute of limitations); Desylvester v. Bank of New York Mellon, 219 So. 3d 1016, 1018 (Fla. 2d DCA 2017), (holding that where second foreclosure action alleged the same initial default date as the first (dismissed) foreclosure action and

complaint alleged, additionally, that the borrowers defaulted by failing to make the payment due on October 1, 2008, "and all subsequent payments due thereafter . . . borrowers were in a continuing state of default at the time of the filing of the complaint" and the action was not barred by the statute of limitations). See also Forero v. Green Tree Servicing, LLC, No. 1D16-2151 (Fla. 1st DCA July 14, 2017); Klebanoff v. Bank of New York Mellon, 42 Fla. L. Weekly D1480 (Fla. 5th DCA June 30, 2017); Bollettieri Resort Villas Condo. Ass'n v. Bank of N.Y. Mellon, 198 So. 3d 1140 (Fla. 2d DCA 2016), review granted, No. SC 16-1680 (Fla. Nov. 2, 2016).[2]

We therefore hold that BONYM's second foreclosure action was not barred by the five-year statute of limitations.

Reversed and remanded.

---

[2] Anton's reliance on our decision in Collazo v. HSBC Bank USA, N.A., 213 So. 3d 1012 (Fla. 3d DCA 2016) and the Fifth District's decision in Ventures Trust 2013-I-NH v. Johnson, 42 Fla. L. Weekly D1482 (Fla. 5th DCA June 30, 2017) is misplaced, as the foreclosure action in each of those cases was based not upon an allegation of a continuing default, but rather upon an allegation of a single default date that fell outside the statute of limitations period.

6