# Third District Court of Appeal

## State of Florida

Opinion filed April 18, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-408
Lower Tribunal No. 15-30090
_____


**Wells Fargo Bank, N.A.,**
Appellant,

vs.

**Maria del C. Rendon a/k/a Maria del Carmen Rendon, etc., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Carlton Fields Jorden Burt, P.A., and Michael K. Winston and Dean A. Morande (West Palm Beach), for appellant.

Maria del C. Rendon a/k/a Maria del Carmen Rendon, in proper person.


Before ROTHENBERG, C.J., and LAGOA and LUCK, JJ.

ROTHENBERG, C.J.

Wells Fargo Bank, N.A. ("Wells Fargo") appeals from an order entering final summary judgment in favor of Maria del C. Rendon, etc., et al. (collectively, "Rendon") based on the trial court's determination that the action was barred by the expiration of the applicable five-year statute of limitations. § 95.11(2)(c), Fla. Stat. (2015). For the reasons that follow, we reverse.

On June 30, 2009, Wells Fargo filed a residential foreclosure action against Rendon, alleging that there had been a default under the note and mortgage held by Wells Fargo due to Rendon's failure to make the payment due on February 1, 2009, and all subsequently due payments. Further, Wells Fargo declared the full amount payable under the Note and Mortgage to be due. In October 2011, the trial court dismissed the case without prejudice due to Wells Fargo's failure to appear at the non-jury trial.

In December 2015, Wells Fargo filed a second action to foreclose on Rendon's property. The complaint alleged that Rendon failed to make "the payment due for February 1, 2009, and all subsequent payments have not been made" and declared the full amount due under the note and mortgage to be accelerated.

Rendon then moved for summary judgment, arguing that the second foreclosure action was time-barred by the five-year statute of limitations. § 95.11(2)(c), Fla. Stat. (2015). Specifically, Rendon asserted that the December

2

2015 action was Wells Fargo's second attempt to foreclose on the same real property based on Rendon's failure to make the mortgage payment due on February 1, 2009. Further, because Wells Fargo accelerated the mortgage provisions in the first foreclosure action filed in June 2009, the second foreclosure action was time barred as it was commenced more than five years after the first foreclosure action was filed. The trial court agreed and entered final summary judgment in favor of Rendon. Wells Fargo's appeal followed.

We review the trial court's entry of summary judgment de novo. Volusia Cty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d. 126, 130 (Fla. 2000). We conclude that the trial court erred by determining that Wells Fargo's second foreclosure action was barred by the five-year statute of limitations. Because Wells Fargo's complaint specifically alleged that Rendon missed the February 1, 2009 payment and "**all subsequent payments**" (emphasis added), Wells Fargo's complaint survived the alleged expiration of the statute of limitations. See Dhanasar v. JPMorgan Chase Bank, N.A., 201 So. 3d 825, 826 (Fla. 3d DCA 2016) ("Because the Bank's complaint specifically alleged that Dhanasar had failed to pay the April 2008 payment *and all subsequent payments*, and the action was filed within five years of a default payment, we agree with the trial court's conclusion that the action survived the asserted statute of limitations bar.") (citing Deutsche Bank Trust Co. Americas v. Beauvais, 188 So. 3d 938, 944-45 (Fla. 3d

3

DCA 2016 (en banc) (emphasis in original)); see also Bartram v. U.S. Bank Nat'l Ass'n, 211 So. 3d 1009, 1019 (Fla. 2016) ("[W]ith each subsequent default, the statute of limitations runs from the date of each new default providing the mortgagee the right, but not the obligation, to accelerate all sums then due under the note and mortgage. . . . [T]he statute of limitations on the balance under the note and mortgage would not continue to run after an involuntary dismissal, and thus the mortgagee would not be barred by the statute of limitations from filing a successive foreclosure action premised on a 'separate and distinct' default. Rather, after the dismissal, the parties are simply placed back in the same contractual relationship as before, where the residential mortgage remained an installment loan, and the acceleration of the residential mortgage declared in the unsuccessful foreclosure action is revoked."); Nationstar Mortg., LLC v. Silva, 3D16-1936 (Fla. 3d DCA Mar. 7, 2018); Bank of New York Mellon Corp. v. Anton, 230 So. 3d 502, 504 (Fla. 3d DCA 2017) ("Given the allegation that Anton failed to make all subsequent payments, the mere fact that the second foreclosure complaint alleged the same *initial* default date as that alleged in the first foreclosure complaint (i.e., August 1, 2008), is of no moment: by alleging that Anton failed to make the payment due on August 1, 2008 'and all subsequent payments,' the action alleged a series of defaults by Anton on all payments due beginning on August 1, 2008 and continuing up to the date of the filing of the second foreclosure action on

4

December 19, 2014.") (emphasis in original). Accordingly, we reverse the entry of final summary judgment in favor of Rendon and remand for further proceedings.

Based on our resolution of the above issue, we find it unnecessary to address the remaining issue raised by Wells Fargo.

Reversed and remanded for further proceedings.