PER CURIAM.
Affirmed. See Bank of N.Y. Mellon Corp. v. Anton, 230 So.3d 502, 504 (Fla. 3d DCA 2017) ("BONYM's allegation in the second complaint-that Anton defaulted by failing to make payment on August 1, 2008 'and all subsequent payments'-satisfies Bartram's [v. U.S. Bank National Association, 211 So.3d 1009 (Fla. 2016) ] pleading requirement that the second 'foreclosure action was based on a subsequent default, and the statute of limitations had not run on that particular default.' Given the allegation that Anton failed to make all subsequent payments, the mere fact that the second foreclosure complaint alleged the same initial default date as that alleged in the first foreclosure complaint (i.e., August 1, 2008), is of no moment: by alleging that Anton failed to make the payment due on August 1, 2008 'and all subsequent payments,' the action alleged a series of defaults by Anton on all payments due beginning on August 1, 2008 and continuing up to the date of the filing of the second foreclosure action on December 19, 2014."), review denied, No. SC17-2072, 2018 WL 1136567 (Fla. Mar. 2, 2018).