# Third District Court of Appeal

## State of Florida

Opinion filed June 6, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-286
Lower Tribunal No. 14-19576
_____

## U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N,
Appellant,

vs.

## Renee Morelli, a/k/a Renee M. Izquierdo and Moses Linen, Lakes of the Meadow Recovery, Inc., et al.,
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

DeLuca Law Group, PLLC, and Shawn Taylor (Fort Lauderdale), for appellant.

Cotzen Law, P.A., and Michael L. Cotzen, for appellee Lakes of the Meadow Recovery, Inc.

Before ROTHENBERG, C.J., and FERNANDEZ, and LINDSEY, JJ.

LINDSEY, J.

U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N, appeals the trial court's dismissal of U.S. Bank's foreclosure complaint finding it was barred by the applicable five-year statute of limitations pursuant to section 95.11(2)(c), Florida Statutes (2014). Because under current law it was not, we reverse.

## I.    BACKGROUND

In February 2009, Aurora Loan Services, LLC filed a complaint to foreclose a mortgage on real property then-owned by Renee Morelli and Moses Linen. In its complaint, Aurora alleged that there was "a default under the terms of the note and mortgage for the October 1, 2008 payment *and all payments due thereafter*." (Emphasis added). However, that complaint was dismissed without prejudice on May 23, 2011 for failure to appear for trial.

On July 28, 2014, U.S. Bank, as the then-holder of the note and mortgage, filed a verified complaint to foreclose on the same real property.[1] U.S. Bank alleged that "Defendant(s) has defaulted under the Note and Mortgage by failing to pay the payment due October 1, 2008 *and all subsequent payments*." (Emphasis added). The trial court concluded, based on Collazo v. HSBC Bank USA, N.A., that because U.S. Bank asserted a payment default date of October 1, 2008, more

---

[1] On February 21, 2013, Lakes of the Meadow Recovery, Inc. purchased the subject real property at a foreclosure sale. A certificate of title reflecting such was recorded on March 7, 2013 in Official Records Book 28519, Page 4112 of the Public Records of Miami-Dade County, Florida.

than five years prior to the July 28, 2014 filing of the underlying foreclosure complaint, U.S. Bank's action was barred by the statute of limitations. 213 So. 3d 1012 (Fla. 3d DCA 2016). In accordance therewith, the trial court entered the order of dismissal on January 5, 2017, from which this timely appeal follows.

## II.  ANALYSIS

While the relevant and applicable case law in this area has recently been settled, it was still somewhat developing just before and after the trial court entered its dismissal order.[2]  This Court issued our decision in Deutsche Bank and Trust Co. Americas v. Beauvais on April 13, 2016. 188 So. 3d 938 (Fla. 3d DCA 2016) (en banc).  We also issued our decisions in Collazo and Dhanasar v. JPMorgan Chase Bank, N.A., 201 So. 3d 825 (Fla. 3d DCA 2016) on October 13, 2016.  The Florida Supreme Court issued its opinion in Bartram v. U.S. Bank, N.A., 211 So. 3d 1009 (Fla. 2016) on November 3, 2016, and declined review in Bollettieri Resort Villas Condominium Ass'n v. Bank of New York Mellon, 228 So. 3d 72 (Fla. 2017) on October 12, 2017.  Finally, we issued our decision in Wells Fargo Bank, N.A. v. Rendon, 2018 WL 1832582, at *1 (Fla. 3d DCA Apr. 18, 2018), on April 18, 2018.

---

[2] In general, appellate courts are bound to apply decisional law as it exists at the time of appeal.  See Lowe v. Price, 437 So. 2d 142, 144 (Fla. 1983) (citations omitted) ("Decisional law and rules in effect at the time an appeal is decided govern the case even if there has been a change since time of trial."); see also Bank of N.Y. Mellon Corp. v. Anton, 230 So. 3d 502, 503 n.1 (Fla. 3d DCA 2017).

3

**A. <u>Deutsche Bank Trust Co. Americas v. Beauvais (en banc)</u>**

In <u>Beauvais</u>, Deutsche Bank's predecessor in interest filed a complaint on January 23, 2007 to foreclose on real property owned by Beauvais, alleging that Beauvais defaulted on a mortgage in failing to make a September 1, 2006 payment and accelerating payment of the balance due on the note and mortgage. 188 So. 3d at 940-41. However, the action was dismissed without prejudice on December 6, 2010, for failure to appear at a case management conference. <u>Id.</u> at 941. Subsequently, on December 18, 2012, Deutsche Bank filed another foreclosure complaint alleging that Beauvais was in default for failing to make a payment due October 1, 2006 and "all subsequent payments." <u>Id.</u> at 940.

The trial court concluded that Deutsche Bank's foreclosure action was barred by the statute of limitations because the bank's right to accelerate was exercised by the filing of the first action on January 23, 2007. <u>Id.</u> at 941. This Court concluded that "dismissal of a foreclosure action accelerating payment on one default does not bar a subsequent foreclosure action on a later default if the subsequent default occurred within five years of the subsequent action." <u>Id.</u> at 944. Thus, we reversed the trial court's order of dismissal of the action in part because it was "the fact that the bank alleged the failure to pay the October 1, 2006 installment payment '*and all subsequent payments*' that makes the instant case fall within the rule as set out herein." <u>Id.</u> at 945 (emphasis in original).

4

## B. Collazo v. HSBC Bank USA, N.A.

Collazo is almost factually on point with the instant case. In Collazo, as in the instant case, a lender filed two foreclosure actions. 213 So. 3d at 1012-13. The complaint in the first foreclosure action, as in the instant case, was dismissed without prejudice for failure to comply with a court order. Id. However, the second foreclosure case asserted only the same default date as the initial foreclosure action, which was more than five years prior to the filing of the second case. Id. at 1013. Accordingly, we reversed the final judgment of foreclosure entered by the trial court on the basis that the second case was commenced after "the expiration of the five-year statute of limitations applicable to the mortgage note." Id.

However, unlike the instant case, the default dates alleged in Collazo were not expanded to include either of the following: "***and all payments due thereafter***" or "***and all subsequent payments***." See id. at 1013-14 (Shepherd, J., concurring) (distinguishing Collazo from the decisions in Bartram and Beauvais, Judge Shepherd explained that, unlike the latter two cases, here, the bank did not base the alleged default on a default date within the five-year limitations period for bringing the action under section 95.11(2)(c) of the Florida Statutes. Instead, the bank "doubled down on a stale default date outside the limitations period.").

## C. Dhanasar v. JPMorgan Chase Bank, N.A.

5

In <u>Dhanasar</u>, JPMorgan Chase's predecessor in interest sent the defendant a notice of default letter on June 18, 2008, asserting that the defendant was in default for failing to make her April 2008 mortgage payment and providing a thirty-day cure provision to avoid acceleration of the total balance. 201 So. 3d at 826. However, no further action or proceedings were initiated based on the notice of default letter. <u>Id.</u> Subsequently, JPMorgan Chase, filed a foreclosure complaint on August 31, 2013, alleging that the defendant "failed to pay the April 2008 payment and all subsequent payments." <u>Id.</u>

The trial court ultimately entered a final judgment of foreclosure against the defendant. <u>Id.</u> This Court affirmed the trial court's decision and explicitly relied on the en banc decision in <u>Beauvais</u>. Thus, we held that because JPMorgan's complaint specifically alleged that Dhanasar had failed to pay the April 2008 payment *and all subsequent payments* and was filed within five years of a default payment, the action survived the asserted statute of limitations bar. <u>Id.</u> (emphasis in original).

**D. <u>Bartram v. U.S. Bank N.A.</u>**

In <u>Bartram</u>, U.S. Bank filed a foreclosure complaint on May 16, 2006 based on Bartram's failure to make payments on a mortgage from January 1, 2006 to the date of the complaint. 211 So. 3d at 1014. The complaint also declared the full amount payable under the mortgage and note to be due. <u>Id.</u> However, the action

6

was involuntarily dismissed after U.S. Bank failed to appear at a case management conference. Id. Approximately one year after the dismissal of the foreclosure action and almost six years after U.S. Bank filed its initial foreclosure complaint, Bartram filed a crossclaim against U.S. Bank in a separate foreclosure action brought by Bartram's former wife. Id. at 1015. Bartram's crossclaim sought a declaratory judgment to cancel the mortgage and quiet title to the subject property, asserting that the statute of limitations prevented U.S. Bank from bringing another foreclosure action. Id.

The trial court agreed with Bartram, cancelled the note and mortgage, and released U.S. Bank's lien on the property. Id. The Fifth District Court of Appeal reversed on appeal, holding that a default occurring after a failed foreclosure attempt creates a new cause of action for statute of limitations purposes, even where acceleration had been triggered and the first case was dismissed on the merits. Id.

Pursuant to Article V, section 3 of the Florida Constitution, the Fifth District certified a question of great public importance which the Supreme Court rephrased as:

> DOES ACCELERATION OF PAYMENTS DUE UNDER A RESIDENTIAL NOTE AND MORTGAGE WITH A REINSTATEMENT PROVISION IN A FORECLOSURE ACTION THAT WAS DISMISSED PURSUANT TO RULE 1.420(B), FLORIDA RULES OF CIVIL PROCEDURE, TRIGGER APPLICATION

OF THE STATUTE OF LIMITATIONS TO PREVENT A SUBSEQUENT FORECLOSURE ACTION BY THE MORTGAGEE BASED ON PAYMENT DEFAULTS OCCURRING SUBSEQUENT TO DISMISSAL OF THE FIRST FORECLOSURE SUIT?

Bartram, 211 So. 3d at 1012. The Florida Supreme Court concluded that "with each subsequent default, the statute of limitations runs from the date of each new default providing the mortgagee the right, but not the obligation, to accelerate all sums then due under the note and mortgage." Id. at 1019.

**E. The Instant Case and Subsequent Case Law**

Here, U.S. Bank filed its foreclosure complaint on July 28, 2014 alleging a payment default date on October 1, 2008 and "all subsequent payments." Accordingly, U.S. Bank's action is not barred by the five-year statute of limitations. See Klebanoff v. Bank of N.Y. Mellon, 228 So. 3d 167, 167-68 (Fla. 5th DCA 2017) (opinion issued on June 30, 2017, clarifying its previous opinion in Hicks v. Wells Fargo Bank, N.A., 178 So. 3d 957, 959 (Fla. 5th DCA 2015), noting that Hicks is consistent with Collazo, and holding that because the bank alleged and proved a default "for the March 1, 2009 payment and all subsequent payments due thereafter," the foreclosure action filed on June 26, 2014 was not barred by the statute of limitations); Kebreau v. Bayview Loan Servicing, LLC, 225 So. 3d 255, 256 (Fla. 4th DCA 2017) (opinion issued on July 12, 2017 holding that the foreclosure complaint was not barred by the five-year statute of limitations

8

because it "alleged continuing defaults"); <u>Anton</u>, 230 So. 3d at 504 (opinion issued on August 30, 2017, holding that "[g]iven the allegation that Anton failed to make all subsequent payments, the mere fact that the second foreclosure complaint alleged the same initial default date as that alleged in the first foreclosure complaint (i.e., August 1, 2008), is of no moment: by alleging that Anton failed to make the payment due on August 1, 2008 'and all subsequent payments,' the action alleged a series of defaults by Anton on all payments due beginning on August 1, 2008 and continuing up to the date of the filing of the second foreclosure action on December 19, 2014").

More recently, in an opinion issued on October 12, 2017, the Florida Supreme Court in <u>Bollettieri</u>, 228 So. 3d 72, declined review of <u>Bollettieri Resort Villas Condominium Ass'n v. Bank of New York Mellon</u>, 198 So. 3d 1140 (Fla. 2d DCA 2016), which certified conflict with <u>Hicks</u>, 178 So. 3d at 957, 959 (reversing a final judgment of foreclosure and remanding for dismissal of the complaint with prejudice when the complaint was "based on a default that occurred outside of the five-year statute of limitations period"), after consideration of the subsequent opinions in <u>Klebanoff</u>, <u>Kebreau</u>, and <u>Forero v. Green Tree Servicing, LLC</u>, 223 So. 3d 440, 443-44 (Fla. 1st DCA 2017) (foreclosure action not barred by the statute of limitations where "[i]n this case and the two previous, dismissed cases, the period

9

of default alleged is open-ended—'December 1, 2008 and all subsequent payments.'").

Finally, in <u>Rendon</u>, this Court reversed the trial court's entry of final summary judgment in favor of the borrower on the grounds that the lender's foreclosure action was filed outside the applicable statute of limitations found in section 95.11(2)(c) of the Florida Statutes. 2018 WL 1832582, at *1 (emphasis in original) ("Because Wells Fargo's complaint specifically alleged that Rendon missed the February 1, 2009 payment and '**all subsequent payments**' [], Wells Fargo's complaint survived the alleged expiration of the statute of limitations.").

## III. CONCLUSION

It is now settled law that a when a foreclosure complaint alleges a borrower is in default for any payment due within five years of the filing of the complaint, the action is not barred by section 95.11(2)(c) of the Florida Statutes. Accordingly, because the complaint in the instant appeal so alleged, we reverse the final judgment of dismissal and remand for further proceedings consistent with this opinion.

REVERSED AND REMANDED.