# Third District Court of Appeal

## State of Florida

Opinion filed July 25, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-576
Lower Tribunal No. 14-13898

_____

## U.S. Bank National Association, etc.,
Appellant,

vs.

## Jose A. Amaya, et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Lapin & Leichtling, LLP, and Benjamin B. Carter, for appellant.

Corona Law Firm, P.A., and Ricardo Corona, Ricardo M. Corona, and Dennis Donet, for appellees.

Before LAGOA, FERNANDEZ, and SCALES, JJ.

LAGOA, J.

Appellant, U.S. Bank National Association ("U.S. Bank"), appeals from a

final judgment entered in favor of Appellees, Jose A. Amaya and Maria T. Pena

(the "Borrowers"), determining that U.S. Bank's Verified Amended Complaint to Foreclose Mortgage (the "Verified Amended Complaint") seeking to foreclose on the Borrower's property was barred by both the statute of limitations and res judicata. For the reasons stated below, we reverse the final judgment.

I.      FACTUAL AND PROCEDURAL BACKGROUND

On February 6, 2006, the Borrowers executed a promissory note (the "Note") in favor of Countrywide Home Loans, Inc., secured by a mortgage on the Borrowers' real property in Miami-Dade County. The Note was endorsed in blank and assigned to U.S. Bank. After the Borrowers defaulted on the Note, U.S. Bank filed its initial foreclosure action against the Borrowers in 2009, alleging that the Borrowers failed to make a payment due on May 1, 2008, and all subsequent payments. On September 14, 2012, that action was involuntarily dismissed without prejudice.[1]

After the dismissal of that previous action, Select Portfolio Servicing, Inc. ("SPS"), U.S. Bank's servicing agent, sent a default letter dated February 19, 2013, informing the Borrowers that they were in default for payments due since May 1, 2008, as well as for advances made on the Borrowers' behalf and the deficit in their escrow account, and that they had thirty days to cure the default. On May 28, 2014, U.S. Bank filed the instant foreclosure complaint, alleging that "[t]here is a

---

[1] The trial court took judicial notice of this complaint, and its subsequent involuntary dismissal, in its final judgment.

2

default under the terms of the Note and Mortgage for the May 1, 2008, payment and all payments due thereafter." Subsequently, U.S. Bank moved to amend its foreclosure complaint and filed the Verified Amended Complaint, re-alleging that the Borrowers "have defaulted under the covenants, terms and agreements of the Note in that the payment due May 1, 2008, and all subsequent payments have not been paid." On November 6, 2015, the Borrowers filed their Answer and Affirmative Defenses to the Verified Amended Complaint, raising various affirmative defenses including the statute of limitations, res judicata, and failure to comply with conditions precedent.

On January 19, 2017, the case proceeded to a bench trial, where U.S. Bank introduced into evidence through an employee of SPS: (1) the original Note; (2) a certified copy of the mortgage; (3) a certified copy of the assignment of mortgage from MERS; (4) a power of attorney between U.S. Bank and its servicing agent, SPS; (5) SPS and prior servicers' records regarding payment history and escrow amounts for the loan; and (6) SPS's default letter to the Borrowers. On February 14, 2017, the trial court entered the final judgment in favor of the Borrowers, finding that U.S. Bank's Verified Amended Complaint was barred by both the statute of limitations and res judicata. The trial court additionally noted that "any attempt by [U.S. Bank], after the close of its evidence, to 'waive' or 'reduce' those monthly installments that are barred by the statute of limitations to assert a

3

different cause of action would violate Paragraph 22(a) of the subject Mortgage" requiring U.S. Bank's notice to specify the default, as the default letter was based upon the May 1, 2008, default.[2]  This appeal ensued.

## II.    STANDARD OF REVIEW

"'[A] legal issue surrounding a statute of limitations question is an issue of law subject to de novo review.'"  Nationstar Mortg., LLC v. Sunderman, 201 So. 3d 139, 140 (Fla. 3d DCA 2015) (quoting Fox v. Madsen, 12 So. 3d 1261, 1262 (Fla. 4th DCA 2009)).  "'[A] trial court's ruling that relief is barred on the grounds of res judicata . . . is reviewed de novo.'"  United Auto. Ins. Co. v. Law Offices of Michael I. Libman, 46 So. 3d 1101, 1103 (Fla. 3d DCA 2010) (quoting Felder v. State, Dep't of Mgmt. Servs., Div. of Ret., 993 So. 2d 1031, 1034 (Fla. 1st DCA 2008)).

## III.    ANALYSIS

On appeal, U.S. Bank contends that the trial court erred by finding its foreclosure action barred by both the statute of limitations and res judicata.  We address each ground separately.

### A. Statute of Limitations

---

[2] After the presentation of its evidence, U.S. Bank submitted a proposed Final Judgment of Foreclosure that waived installments from May 1, 2008 through May 1, 2009, to the trial court.

4

U.S. Bank contends that its foreclosure action was not barred by the statute of limitations because it alleged and proved that the Borrowers were in default on payments within the five-year limitations period, even though the initial default date of May 1, 2008 falls outside the limitations period. We agree. "'[A] subsequent and separate alleged default create[s] a new and independent right in the mortgagee to accelerate payment on the note in a subsequent foreclosure action.'" Bartram v. U.S. Bank Nat'l Ass'n, 211 So. 3d 1009, 1019 (Fla. 2016) (quoting Singleton v. Greymar Associates, 882 So. 2d 1004, 1008 (Fla. 2004)). "[W]ith each subsequent default, the statute of limitations runs from the date of each new default providing the mortgagee the right . . . to accelerate all sums then due under the note and mortgage," i.e., "filing a successive foreclosure action premised on a 'separate and distinct' default." Id.

In the instant case, U.S. Bank alleged in its Verified Amended Complaint— and proved through evidence adduced at trial—that the Borrowers "have defaulted under the covenants, terms and agreements of the Note in that the payment due May 1, 2008, and all subsequent payments have not been paid." This Court and all of our sister district courts of appeal have held this or similar language is sufficient to bring a foreclosure action within the five-year limitations period under Bartram. See, e.g., Wells Fargo Bank, N.A. v. Rendon, 43 Fla. L. Weekly D834 (Fla. 3d DCA Apr. 18, 2018) ("Because Wells Fargo's complaint specifically alleged that

Rendon missed the February 1, 2009 payment and 'all subsequent payments' . . . , Wells Fargo's complaint survived the alleged expiration of the statute of limitations."); Desai v. Bank of N.Y. Mellon Tr. Co., 240 So. 3d 729, 731 (Fla. 4th DCA 2018) ("[The bank's] second complaint alleged, and it was not contested, that Desai was in a continuing state of default. Therefore, the note and mortgage remained enforceable by a foreclosure based on any default occurring within the statute of limitations."); Bank of N.Y. Mellon Corp. v. Anton, 230 So. 3d 502, 504 (Fla. 3d DCA 2017) ("Given the allegation that Anton failed to make all subsequent payments, the mere fact that the second foreclosure complaint alleged the same initial default date as that alleged in the first foreclosure complaint . . . is of no moment."); Forero v. Green Tree Servicing, LLC, 223 So. 3d 440, 445 (Fla. 1st DCA 2017) (finding a foreclosure action was not barred by the statute of limitations "where it was alleged and established at trial that no payments had been made on the mortgage since November 2008, [as] each missed payment constituted a new default"); Klebanoff v. Bank of N.Y. Mellon, 228 So. 3d 167, 169 (Fla. 5th DCA 2017) ("Because the Bank alleged and proved missed payments within the five years prior to the filing of its complaint, its action was not barred by the statute of limitations."); Desylvester v. Bank of N.Y. Melon, 219 So. 3d 1016, 1020 (Fla. 2d DCA 2017) ("Here, in addition to alleging the initial date of default

as October 1, 2008, the Bank alleged that the borrowers were in a continuing state of default up to the time of the filing of the complaint.")

The Borrowers, however, contend that Collazo v. HSBC Bank USA, N.A., 213 So. 3d 1012, 1013 (Fla. 3d DCA 2016), reh'g granted, where this Court found a foreclosure action was barred by the statute of limitations, applies to the instant case. We find Collazo distinguishable, as the bank in that case simply reasserted "the same payment default date and basis for acceleration in both . . . [foreclosure] complaints" rather than alleging a continuous state of default beginning with the same initial default date. Id. In contrast to the bank in Collazo, U.S. Bank alleged a continuous state of default beginning with the installment due May 1, 2008. U.S. Bank's allegations therefore fall squarely within the scope of the cases discussed above, and the trial court erred in finding that U.S. Bank's foreclosure action was barred by the statute of limitations.

B. Res Judicata

U.S. Bank also argues that the trial court erred by finding that its foreclosure action was barred the doctrine of by res judicata. We agree. "'The foundation of res judicata is that a final judgment in a court of competent jurisdiction is absolute and settles all issues actually litigated in a proceeding as well as those issues that could have been litigated.'" Philip Morris USA, Inc. v. Douglas, 110 So. 3d 419, 425 (Fla. 2013) (quoting Engle v. Liggett Grp., Inc., 945 So. 2d 1246, 1259 (Fla.

7

2006)); accord Youngblood v. Taylor, 89 So. 2d 503 (Fla. 1956) ("[U]nder [res judicata,] a judgment on the merits of a controversy is conclusive as to the parties and their privies and will bar a subsequent action between the same parties on the same cause of action[,] . . . [and] a final judgment or decree not only bars a later suit 'between the same parties based . . . upon the same cause of action' but also upon matters that 'could have been raised.'" (quoting Gordon v. Gordon, 59 So. 2d 40, 44 (Fla. 1952))).

In Singleton, 882 So. 2d 1004 (Fla. 2004), the Florida Supreme Court held that under the doctrine of res judicata, "a dismissal with prejudice in a mortgage foreclosure action does not necessarily bar a subsequent foreclosure action on the same mortgage." Id. at 1005. The Florida Supreme Court further noted that "[w]hile it is true that a foreclosure action and an acceleration of the balance due based upon the same default may bar a subsequent action on that default, an acceleration and foreclosure predicated upon subsequent and different defaults present a separate and distinct issue." Id. at 1007; see also Deutsche Bank Tr. Co. Ams. v. Beauvais, 188 So. 3d 938, 943-44 (Fla. 3d DCA 2016).

In the instant case, U.S. Bank's previous foreclosure action was involuntarily dismissed *without prejudice*. Generally, an involuntary dismissal without prejudice does not operate as an adjudication on the merits. See, e.g., HSBC Bank USA, Nat'l Ass'n for Registered Holders of Nomura Home Equity

8

Home Loan, Inc. v. Estate of Petercen, 227 So. 3d 640, 643-44 (Fla. 4th DCA 2017) (reversing an order dismissing the lender's foreclosure action on res judicata grounds where the second action was based on subsequent defaults and "a prior proceeding was dismissed without prejudice"). Moreover, U.S. Bank's Verified Amended Complaint alleges that "all subsequent payments have not been paid" after the May 1, 2008, default, thereby including the "subsequent and different defaults" after the filing of, and subsequent dismissal, of the previous action contemplated by Singleton.

The Borrowers, however, rely on language in Bartram, where the Florida Supreme Court stated that:

> [w]hen a mortgage foreclosure action is involuntarily dismissed pursuant to Rule 1.420(b), either with or without prejudice, the effect of the involuntary dismissal is revocation of the acceleration, which then reinstates the mortgagor's right to continue to make payments on the note and the right of the mortgagee, to seek acceleration and foreclosure based on the mortgagor's subsequent defaults.

211 So. 3d at 1012. The Borrowers contend that this language treats an involuntary dismissal *with prejudice* the same as an involuntarily dismissal *without prejudice* for purposes of res judicata. We find this argument to be without merit. First, in Bartram, the Florida Supreme Court addressed the application of the statute of limitations to a subsequent foreclosure action, not the application of the doctrine of res judicata. Second, even if that language from Bartram were to apply

9

to dismissals based on res judicata, <u>Singleton</u> establishes that an action based on "subsequent and different" defaults are not barred by res judicata. Therefore, we find that the trial court erred in concluding that the instant action was barred by res judicata. Because the Verified Amended Complaint was based on subsequent defaults occurring after the initial complaint was dismissed without prejudice, res judicata did not bar the action.[3]

IV.  CONCLUSION

Because the trial court erred in finding that U.S. Bank's foreclosure action was barred by both the statute of limitations and res judicata, we reverse the final judgment entered in favor of the Borrowers and remand to the trial court for entry of a judgment of foreclosure in favor of U.S. Bank.

Reversed and remanded for further proceedings consistent with this opinion.

---

[3] The Borrowers also contend that we should affirm the final judgment because the trial court found that U.S. Bank's foreclosure action violated conditions precedent found in Paragraph 22(a) of the mortgage. Our review of the record reveals that the trial court was simply noting that U.S. Bank's attempt to waive or reduce monthly installments in its proposed Final Judgment of Foreclosure to fit the action within five years of the filing of its complaint would violate conditions precedent in Paragraph 22(a) of the mortgage. The trial court did not find that the filing of U.S. Bank's foreclosure action violated Paragraph 22(a). Borrowers' argument is thus without merit, as the trial court did not find U.S. Bank in violation of conditions precedent as a basis for its final judgment.