# Third District Court of Appeal

## State of Florida

Opinion filed October 31, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D18-313 and 3D16-2064
Lower Tribunal No. 13-7494
_____

**The Bank of New York Mellon, as Trustee, etc.,**
Appellant,

vs.

**Carleche Arnoux, etc.,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Rosa Rodriguez and John W. Thornton, Jr., Judges.

Akerman LLP, and Nancy M. Wallace (Tallahassee), William P. Heller (Fort Lauderdale), Marc J. Gottlieb (Fort Lauderdale), and Eric M. Levine (West Palm Beach), for appellant.

Korte & Wortman, P.A., and Scott J. Wortman (West Palm Beach), for appellee.

Before SUAREZ, EMAS and FERNANDEZ, JJ.

PER CURIAM.

In this appeal, The Bank of New York Mellon ("the Bank") appeals a final summary judgment and involuntary dismissal of a foreclosure action entered in favor of defendant below, Carl Arnoux.[1]  We reverse because the trial court erred in concluding that the Bank's action was barred by the statute of limitations.

On September 1, 2007, the Bank filed a foreclosure action against Arnoux, alleging a default date of April 1, 2007. That initial foreclosure action was voluntarily dismissed on April 12, 2012. Thereafter, the Bank filed the instant foreclosure action on February 28, 2013, alleging in its complaint that Arnoux had "defaulted under the Note and Mortgage by failing to pay the full payment due February 1, 2008, and all subsequent payments."  Arnoux answered the complaint and raised, as an affirmative defense, the expiration of the five-year statute of limitations.  See § 95.11(2)(c), Fla. Stat. (2013).

---

[1] During the pendency of this appeal, Carl Arnoux passed away.  We stayed the appeal pending the appointment of a personal representative.  On February 14, 2018, the trial court substituted Arnoux's daughter, Carleche Arnoux ("Carleche"), as the party defendant.  The Bank appealed that substitution order (3D18-313), asserting that, once the final judgment was entered and the time for filing a motion for rehearing had expired, the trial court lacked jurisdiction to enter the order.  This court consolidated the two appeals and, on June 14, 2018, lifted the previously-imposed stay, and substituted Carleche (who by that time had been appointed by the probate court to serve as personal representative of Carl Arnoux's estate) as the appellee in both appeals.  The parties have stipulated that the issue has been resolved and that the appeal from that order has been rendered moot.  We therefore dismiss as moot the appeal in 3D18-313. For ease of reference, in this opinion we refer to appellee as "Arnoux."

2

Thereafter, and following a variety of motions filed by both sides, the trial court granted Arnoux's motion for summary judgment and involuntarily dismissed the action, concluding that it was barred by the expiration of the five-year statute of limitations.

We reverse. The complaint in the instant foreclosure action alleged that Arnoux had "defaulted under the Note and Mortgage by failing to pay the full payment due February 1, 2008, **and all subsequent payments**" (emphasis added). It is now well-settled in this district[2] that the action was not barred by the statute of limitations, and the trial court erred in entering final summary judgment in favor of Arnoux and involuntarily dismissing the Bank's action. See Bank of New York Mellon Corp. v. Anton, 230 So. 3d 502, 504 (Fla. 3d DCA 2017) (holding: "Given the allegation that Anton failed to make all subsequent payments, the mere fact that the second foreclosure complaint alleged the same Initial default date as that alleged in the first foreclosure complaint (i.e., August 1, 2008), is of no moment: by alleging that Anton failed to make the payment due on August 1, 2008 and all subsequent payments,' the action alleged a series of defaults by Anton on all payments due beginning on August 1, 2008 and continuing up to the date of the

---

[2] We acknowledge that the case law in this area was in a state of flux during the proceedings below, and, with the exception of our en banc decision in Deutsche Bank Trust Co. Americas v. Beauvais, 188 So. 3d 938, 945 (Fla. 3d DCA 2016), all of the decisions cited herein as a basis for reversal were issued after the trial court rendered the order on appeal.

filing of the second foreclosure action on December 19, 2014"); Dhanasar v. JPMorgan Chase Bank, N.A., 201 So. 3d 825, 826 (Fla. 3d DCA 2016) (holding: "Because the Bank's complaint specifically alleged that Dhanasar had failed to pay the April 2008 payment *and all subsequent payments*, and the action was filed within the five years of default payment . . . the action survived the asserted statute of limitations bar"); Deutsche Bank Trust Co. Americas v. Beauvais, 188 So. 3d 938, 945 (Fla. 3d DCA 2016) (en banc) (holding that, even if the alleged initial default date was more than five years before the complaint was filed, the action was not barred by the statute of limitations where "the bank alleged the failure to pay the October 1, 2006 installment payment 'and all subsequent payments.'") See also Gonzalez v. Federal Nat'l Mortg. Ass'n., 43 Fla. L. Weekly D1739 (Fla. 3d DCA August 1, 2018); U.S. Bank, N.A. v. Ramirez, 43 Fla. L. Weekly D1650 (Fla. 3d DCA July 25, 2018); U.S. Bank, N.A. v. Amaya, 43 Fla. L. Weekly D1637 (Fla. 3d DCA July 25, 2018); Wells Fargo Bank, N.A. v. Rendon, 245 So. 3d 917 (Fla. 3d DCA 2018).[3]

---

[3]Arnoux asserts that the Bank's failure to send a "new" default letter, as a condition precedent to filing the second foreclosure action, serves as an alternative basis for affirmance. We disagree. First, the issue was not properly raised in Arnoux's motion below, and we decline the invitation to apply a "tipsy coachman" analysis to affirm on this issue in the context of a motion for summary judgment. See Mitchell v. Higgs, 61 So. 3d 1152, 1155 n.3 (Fla. 3d DCA 2011) (observing that the "Tipsy Coachman doctrine does not apply to grounds not raised in a motion for summary judgment"); Agudo, Pineiro & Kates, P.A. v. Harbert Constr. Co., 476 So. 2d 1311, 1315 (Fla. 3d DCA 1985) (holding that "'right for the wrong reason' appellate maxim does not apply in summary judgment proceedings where

We therefore reverse the final summary judgment and involuntary dismissal and remand for further proceedings consistent with this opinion.

---

the issue was never raised in the motion for summary judgment"); Loranger v. State Dep't of Transp., 448 So. 2d 1036 (Fla. 4th DCA 1983). Second, Arnoux's contention is foreclosed on the merits by our recent decision in Nationstar Mortg., LLC v. Silva, 239 So. 3d 782 (Fla. 3d DCA 2018), where we held that no new default letter was required under relevant circumstances indistinguishable from the instant case.