# Third District Court of Appeal

## State of Florida

Opinion filed May 18, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1509
Lower Tribunal No. 18-6837
_____

**Luis N. Mendez, etc.,**
Appellant,

vs.

**Green Mountain Holdings (Cayman) Ltd., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Alfonso Oviedo-Reyes, for appellant.

Rosenberg & Cummings PLLC, and Casey Ryan Cummings, Marc Edward Rosenthal and Charlie Xie (Fort Lauderdale), for appellee Green Mountain Holdings (Cayman) Ltd.


Before EMAS, SCALES and GORDO, JJ.

PER CURIAM.

Affirmed.  See Ortiz v. PNC Bank, Nat. Ass'n, 188 So. 3d 923, 925 (Fla. 4th DCA 2016) (finding that when a copy of a note is attached to a complaint and a party later files with the court the original note in the same condition as the copy attached to this complaint this is sufficient to establish the party had actual possession and was entitled to bring the foreclosure action); Alavi v. Garcia, 140 So. 3d 1141, 1143 (Fla. 5th DCA 2014) ("To satisfy the 'surrender' requirement, it is not necessary that the original note be attached to the affidavit in support of summary judgment, provided that it is surrendered to the court by filing it with the clerk or judge before judgment is entered on the note."); U.S. Bank Nat'l Ass'n for Lehman XS Tr. Mortgage Pass-Through Certificates, Series 2007-16N v. Morelli, 249 So. 3d 717, 721 (Fla. 3d DCA 2018) (finding it is well settled law that "when a foreclosure complaint alleges a borrower is in default for any payment due within five years of the filing of the complaint, the action is not barred by section 95.11(2)(c) of the Florida Statutes.").