# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4265

_____

CONNIE L. MIELKE and BLAIR C. MIELKE,

    Appellants,

    v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for GSAA Home Equity Trust 2005-MTR1, Asset-Backed Certificates, Series 2005-MTR1,

    Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
Terrance R. Ketchel, Judge.

January 10, 2019

WINOKUR, J.

Connie and Blair Mielke appeal the trial court's Final Judgment of Foreclosure in favor of Deutsche Bank National Trust Company (Deutsche Bank). The Mielkes argue that the complaint was time-barred because the statute of limitations had run on the bank's ability to enforce a lost note. Because we find that the requirements for enforcing a lost note pursuant to section 673.3091, Florida Statutes, do not create an independent cause of action triggering a separate statute of limitations on a mortgagee's right to foreclose, we affirm.

# I.

In 2005, the Mielkes executed a mortgage on a condominium in Destin. In May 2008, Deutsche Bank filed a foreclosure complaint against the Mielkes alleging they defaulted on their February 2008 mortgage payment and all subsequent payments. The complaint also contained a count to reestablish the lost promissory note. In 2010, the trial court dismissed the complaint without prejudice. As a result, the trial court never determined whether Deutsche Bank was permitted to enforce the lost note.

In 2016, Deutsche Bank filed a two-count complaint against the Mielkes. The first count was entitled "Foreclosure of Mortgage" and alleged that the Mielkes defaulted on their March 2011 mortgage payment and all subsequent payments. The foreclosure count stated that Deutsche Bank was not in possession of the promissory note, but that it was entitled to enforce it. The second count was entitled "Reestablishment of Lost Promissory Note." Deutsche Bank attached an affidavit to the complaint attesting that the promissory note had been lost, but asserting that the note had not been transferred to another party or cancelled.

In their answer, the Mielkes alleged that Deutsche Bank was barred by the statute of limitations on its count to reestablish the lost note. The Mielkes later moved for summary judgment, arguing that Deutsche Bank was aware of the lost promissory note during its previous 2008 complaint. Consequently, the Mielkes claimed that the current complaint was time-barred pursuant to section 95.11(2)(b), Florida Statutes. Deutsche Bank responded that its count to reestablish the lost note was ancillary to its mortgage foreclosure count.

The trial court denied summary judgment, finding that section 673.3091, Florida Statutes, "clearly contemplates that an action to re-establish a lost note is filed in connection with an action to enforce the [n]ote." Accordingly, the trial court held that an "action under section 673.3091 is connected to an action for Mortgage Foreclosure, and not a standalone cause of action."

2

The Mielkes reasserted their statute of limitations defense at trial. The trial court issued a Final Judgment of Foreclosure in Deutsche Bank's favor. The Final Judgment also denied the Mielkes' Motion for Involuntary Dismissal and adopted the reasoning of its order denying the summary judgment motion.

II.

Review of statute of limitation issues relating to mortgage foreclosures is de novo. *Virginia Ins. Reciprocal v. Walker*, 765 So. 2d 229, 231 (Fla. 1st DCA 2000), *approved*, 842 So. 2d 804 (Fla. 2003).

A plaintiff has five years to bring a mortgage foreclosure action once a borrower has defaulted. § 95.11(2)(c), Fla. Stat. Florida courts have consistently held that a foreclosure action is not time-barred where the plaintiff alleges and proves the existence of a continual default. *Bartram v. U.S. Bank Nat'l Ass'n*, 211 So. 3d 1009, 1019 (Fla. 2016*); Forero v. Green Tree Servicing, LLC*, 223 So. 3d 440, 445 (Fla. 1st DCA 2017). As a result, "with each subsequent default, the statute of limitations runs from the date of each new default providing the mortgagee the right, but not the obligation, to accelerate all sums then due under the note and mortgage."[1] *Bartram*, 211 So. 3d at 1019.

In this case, the Mielkes do not dispute Deutsche Bank's ability to foreclose on their property after their subsequent default, but argue instead that the bank lacks standing because

---

[1] The Florida Supreme Court's reasoning in *Bartram* was predicated on the "recognition of the unique nature of the mortgage obligation and the continuing obligations of the parties in that relationship [and that] [i]f res judicata prevented a mortgagee from acting on a subsequent default even after an earlier claimed default could not be established, the mortgagor would have no incentive to make future timely payments on the note." *Singleton v. Greymar Assocs.*, 882 So. 2d 1004, 1007 (Fla. 2004).

3

its related action to reestablish the lost promissory note is time-barred. This issue has not been addressed by Florida courts.[2]

The Mielkes' argument hinges on their assertion that an action for reestablishing a lost note accrues when the party becomes aware of the note's loss or destruction. Thus, the issue for this Court is whether the ability to enforce a lost note accrues when the plaintiff discovers that the note is lost.

## III.

A statute of limitations "set[s] a time limit within which an action must be filed as measured from the accrual of that cause of action, after which time obtaining relief is barred." *Hess v. Philip Morris USA, Inc.*, 175 So. 3d 687, 695 (Fla. 2015) (quoting *Merkle v. Robinson*, 737 So. 2d 540, 542, n.6 (Fla. 1991)). Accordingly, "[a] cause of action accrues when the last element constituting the cause of action occurs." § 95.031(1), Fla. Stat.

The Mielkes contend that the last element in seeking the enforcement of a lost note pursuant to section 673.3091 is the

---

[2] The Second District alluded to this issue in *Peters v. Bank of New York Mellon*, 227 So. 3d 175, 177 (Fla. 2d DCA 2017). In *Peters*, one of the issues raised by the appellants was "that the Bank's claim to reestablish the lost note is barred by the applicable statute of limitations." *Id.* at 178. The Second District reversed the trial court finding that the Bank "failed to establish its ownership of the lost note." *Id.* at 180. As a result, the court did not address the statute of limitations issue, but it cited the trial court's reasoning for rejecting the argument:

> [T]he loss or discovery of the lost instrument is not a claim. It's an event. It's nothing that gives rise to a claim that would give rise to [a] cause of action. *The only time that there's going to be a claim resulting from a lost instrument is when it needs to be enforced and that is when it goes into default.*

*Id.* at 177 (emphasis added).

4

plaintiff's awareness that the note is lost. We reject this interpretation. Section 673.3091 provides as follows:

> (1) A person not in possession of an instrument *is entitled to enforce the instrument* if:
> (a) *The person seeking to enforce the instrument* was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;
> (b) The loss of possession was not the result of a transfer by the person or a lawful seizure; *and*
> (c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
> (2) *A person seeking enforcement of an instrument* under subsection (1) must prove the terms of the instrument and the person's right to enforce the instrument.

(emphasis added).

The language of section 673.3091 demonstrates that it is not intended to create a cause of action to reestablish a lost note. Rather, it only recognizes that an entity not possessing an instrument is still entitled to enforce it if the entity meets certain conditions. The cause of action is the enforcement itself; section 673.3091 only sets forth special requirements if the plaintiff does not possess the instrument.

This interpretation is bolstered by the language of section 673.3011, Florida Statutes. The statute defines a person entitled to enforce an instrument to include "[a] person not in possession of the instrument who is entitled to enforce the instrument pursuant to s. 673.3091 . . . ." § 673.3011(3), Fla. Stat. Accordingly, sections 673.3011 and 673.3091 make clear that the right to enforce a lost note, in the foreclosure context, travels

5

with the breach that triggers the need to seek enforcement—default by a mortgagor. As a result, section 673.3091 does not create a standalone cause of action apart from a breach.

The Mielkes' argument conflates the requirements of section 673.3091 with the right to reestablish a lost document under section 71.011, Florida Statutes. Unlike section 673.3091, section 71.011 does create a standalone cause of action:

> A person desiring to establish any paper, record or file, except when otherwise provided, shall file a complaint in chancery setting forth that the paper, record or file has been lost or destroyed and is not in the custody or control of the petitioner, the time and manner of loss or destruction, that a copy attached is a substantial copy of that lost or destroyed, that the persons named in the complaint are the only persons known to plaintiff who are interested for or against such reestablishment.

§ 71.011(5), Fla. Stat. This statute does not merely acknowledge that a person who does not possess a document may enforce it and describe the conditions for such enforcement; it actually sets out a procedure for an entity to reestablish a lost document, starting with the filing of a complaint demonstrating an entitlement to it.

Deutsche Bank did not rely on section 71.011 in its foreclosure complaint. The complaint simply exercised Deutsche Bank's right to enforce its promissory note due to the Mielkes' default. Pursuant to section 673.3011, Deutsche Bank had to demonstrate that it was the proper holder of the note before they could foreclose on the Mielkes' condominium. Since they did not possess the original note, Deutsche Bank had to demonstrate that it complied with section 673.3091 to show that it was the holder of the note pursuant to section 673.3011(3). Therefore, the right to enforce the lost note did not accrue until the Mielkes defaulted.

IV.

Section 673.3091, Florida Statutes, does not create a cause of action separate from a mortgagee's right to foreclosure. The right to enforce a promissory note accrues when the default occurs, regardless of whether the plaintiff possesses the note. As a result, the trial court did not err in entering Final Judgment in favor of Deutsche Bank.

AFFIRMED.

MAKAR and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Robert J. Powell, Clark Partington, Pensacola, for Appellants.

Allison Morat and Teris A. McGovern of Pearson Bitman, LLP, Maitland, for Appellee.